GIDDINGS & GIDDINGS v. W. R. BAKER ET AL.

No. 3632.

1. **Case Adhered to—Liability of Bank Directors.**—Seale v. Baker et al., 70 Texas, 283, adhered to.

2. **Practice in Actions of Tort.**—In actions in tort against several defendants a judgment against one defendant is in no way dependent upon a recovery against any other. The judgment as to each must depend upon the facts as to each, and they in no way affect each other.

3. **Responsibility of Bank President.** —A bank president does not occupy the position of an indifferent third person. He is the principal officer and manager of his bank. It is his duty to use reasonable diligence to acquaint himself with the affairs of the bank. If by due diligence he could ascertain the condition of the bank and fails to do so he is responsible for any false representation in regard to that condition acted upon, although made in good faith.

4. **Same.**—If, however, by the use of such diligence he had not been able to ascertain the true condition of the bank, and so made a statement as to its condition which he believed to be true but which in fact was false, he would not be personally liable for that statement.

5. **Charges Irrelevant to the Issue.** —The issue being upon Baker's representations acted upon as shown by the testimony, it was improper to charge upon the effect of silence or nondisclosure on his part.

6. **Case in Judgment—Charge.** — Giddings having testified that plaintiffs were induced by the representations of Baker to keep their money in the bank, unless that

be the fact they have no case.   A proper instruction would have been that unless such representations were the inducement which caused plaintiffs to continue their relations with the bank they could not recover.

**7.   Charge.**—See instructions held improper as being abstract and calculated rather to mislead.   Also as making Baker's liability depend upon his intent to deceive.

**8.   Testimony Admitted for Specific Purpose—Practice.**—A mortgage by the bank was admitted in evidence relevant only to the matter of knowledge and intent by Baker.   *Held*, it was proper to so instruct the jury.

**9.   Irrelevant and Incompetent Evidence.**—The record in a suit by the receiver of the bank against Baker, its late president, which was brought to set aside a deed of trust made by the bank to secure defendants, was incompetent as evidence against the defendants in this suit.

APPEAL from Harris.   Tried below before Hon. James Masterson. The opinion gives a statement.

*Scott & Levi* and *O. T. Holt*, for appellants.—1.   The court erred in sustaining the demurrer of the defendants (appellees) F. A. Rice, Robert Brewster, S. K. McIlhenny, W. B. Botts, and B. F. Weems, to the petition of these plaintiffs (appellants), and in adjudging that said defendants go hence without day.   The amended original petition of appellants alleged a legal cause of action against all the defendants including those named in this assignment of error.   Seale v. Baker, 70 Texas, 283, and authorities there cited, viz.:   Bige. on Estop., 538; Field on Corp., secs. 170–174; Morse on Banking, 131 *et seq.;* Lyman v. Bank, 12 How., 225; 3 Suth. on Dam., 587, 588; 3 Wait's Ac. and Def., 436, etc.; Gillet v. Phillips, 13 N. Y., 117; Morse v. Swits, 19 How. Pr., 286, and cases cited; Society v. Underwood, 9 Bush, 617; Bartholomew v. Bentley, 15 Ohio, 666; Cross v. Sackett and Ward v. Sackett, 9 Bosw., 645; Cazeaux v. Mali, 25 Barb., 578; Morgan v. Skiddy, 62 N. Y., 325; Shea v. Mabry, 1 Lea (Tenn.), 319; Delano v. Case, Bankers' Mag., March, 1886; same case, 12 N. E. Rep., 676; Edrington v. Fitzmaurice, Cent. L. Jour., January 22, 1886, p. 81; Eaglefield v. Londonderry, 4 Ch. Div., 693–704; Burroughs v. Locke, 10 Ves., 470; Slim v. Groucher, 1 De Gex, F. & J., 518; Stone v. G. W. Oil Co., 41 Ill., ·85; Wade on Notice, sec. 11; Morse on Banking, 125–131 *et seq.,* 116, 137, 142, 133; 1 Blatch., C. C., 297; Bank v. Rudolfe, 5 Neb., 527; Moak's Underhill on Torts, 523; 4 Cent. L. Jour., 47; 3 Mo. App. Rep., 584; McLean v. Heald, 67 N. Y., 598; 2 Lansing, N. Y., 81; Percy v. Millendon, 3 La., 585; Jackson v. Ludeling, 21 Wall, 616; Paisley v. Freeman, 2 Smith's Lead. Cas., 55; 3 Wait's Ac. and Def., 452, 468; 3 Suth. on Dam., 583–589, and notes; Lippincott v. Shaw Carriage Co., 25 Fed. Rep., 577; Drury v. Cross, 7 Wall, 302; Railway v. Howard, 7 Wall, 392; Green's Brice's Ultra Vires, 553.

2.   Counsel attacked the several paragraphs of the charge discussed in opinion.

*Goldthwaite & Ewing,* for appellee Baker.— 1.   To the appellants' assignment to the effect that the verdict and judgment should have been, on the evidence, in favor of appellants, this appellee replies:

(1) The defendant was, as a legal conclusion from the evidence, entitled to verdict and judgment, because according to Giddings' own testimony it appears that Baker stated the facts truthfully, telling him the stock had been dissipated and the assets were in lands, and that Giddings, himself a banker, knew that this was not sound banking and was as competent as Baker to form an opinion as to Baker's ability to successfully tide over its embarrassments, and that he in fact relied upon Baker's superior financial ability to master the situation, and accepted the risk in so doing.

(2) The verdict must have been for defendant, because the undisputed evidence shows that the bank did have assets more than sufficient in value to pay off all its liabilities except its liability for stock.

(3) But if the two first points be held untenable, still the case at the most was for the jury on the conflict presented by the testimony of Giddings and Baker; and in deciding that conflict in Baker's favor the jury but decided with the weight of evidence.   Fusz v. Spaunhorst, 67 Mo., 256; Morgan v. Skiddy, 62 N. Y., 319; Wakeman v. Dalley, 51 N. Y., 31; Petrie v. Lumber Co., 15 Am. and Eng. Corp. Cases, 496 *et seq.;* Addington v. Allen, 11 Wend., 403, 422.

2.   To the appellants' assignment that there was error in charging the jury that mere silence or nondisclosure is no breach of duty unless information is asked, this appellee presents the following:

The rule announced is a correct declaration of the law as applied to the facts developed, and the point urged that the charge was on the weight of evidence is manifestly trivial—a mere quibble.   "Unasked" means as used "if not asked," "unless asked," and this meaning was carefully preserved in the charge by accurate punctuation.   Peck v. Gurney, L. R., 6 H. L. 378; Arkwright v. Newbold, 17 Ch. Div., 301; Bige. Law of Fraud, 467, 468.

3.   If there was error in any of the rulings or actions of the court complained of it is not probable such error operated injuriously to appellants.   Neither by acts of omission nor commission did Baker impair the bank's assets, so this issue passed out of the case.   Giving full effect to Giddings' testimony, read in the light of the undisputed facts, Baker truthfully stated the facts relative to the bank's condition as far as asked, and then gave his opinion as to its financial ability to pay its debts.   Therefore the sole inquiry, if any arising on the case as developed, was whether the opinion was honestly given; and the honesty of the opinion, whatever may be the rule as to a representation of fact, depended upon the *sciens* and intent.   Bank v. Addie, Law Rep. 1 H. L., sec. 168; Peck v. Derry, 21 Am. and Eng. Corp. Cases, 263.

4. In Bank v. Addie Lord Cranworth says: "If persons in the situation of directors of a bank make statements as to the condition of its affairs which they *bona fide* believe to be true I can not think they can be guilty of fraud because other persons think or the court thinks or your lordships think there was no sufficient ground to warrant the opinion which they had formed."

Colton, L. J., in commenting on the language in Peck v. Derry, draws the distinction between statements of opinion and of strict fact thus: "Now I think if it is matter of opinion, then of course there is ample room for discussion whether that opinion was reasonably formed. But if it is a statement of a fact very different considerations arise."

In connection with what we have already said in this brief we desire to quote the concluding remarks of Tracy, J., in Addington v. Allen. They are these:

"Whatever anxiety courts may feel to restrain frauds they must not for the sake of making an example for the guilty, break over those salutary rules of law and evidence which wisdom and experience have established, and which form the only safeguard for the innocent. * * * After the length which I have felt it my duty to go in examining this case I will not enter into general considerations that press on my mind why this species of action shall not be too much encouraged, and especially why courts in their anxiety to punish one description of frauds should be careful not to offer facilities for the perpetration of other frauds more mischievous because more difficult to prevent. It is in the power, and to use the language of Chief Justice Marshall, 'it is the duty of the individual who contracts with one man on the credit of another not to trust to ambiguous phrases and strained constructions, but to require an explicit and plain declaration of the obligation he is about to assume.' But it is not in the power of any man to protect himself, if a blind and willful confidence in representations not calculated to impose on ordinary prudence and sagacity, is to form the basis on which faithless memories and interested testimony may establish a claim to an unlimited amount." 11 Wend., 422.

GAINES, ASSOCIATE JUSTICE.—The appellants brought this suit in the court below. The petition contains substantially the same allegations as grounds of recovery as were set up in the petition in the case of Seale against these same defendants, decided in this court and reported in 70 Texas, 283. In addition to the grounds of action common to the two petitions, in this case it is alleged in effect that the plaintiffs were induced to make their deposits in the City Bank of Houston by false representations as to its solvency made by defendant Baker to the plaintiff D. C. Giddings.

A demurrer to the petition as to all the defendants was sustained except as to Baker, and as to him it was overruled. At a subsequent

term of the court the cause came on for trial against Baker and resulted in a verdict and judgment in his favor.

The first error assigned is the action of the court in sustaining the demurrer of defendants Rice, Brewster, McIlhenny, Botts, and Weems to the plaintiffs' petition. In Seale v. Baker, *supra*, it was held upon similar allegations that the petition showed a cause of action. The magnitude of the interests involved in the immediate question and the importance of the principles which are to control its determination have induced us carefully to reconsider the rulings made in that case, with the result, however, that we adhere to the opinion that the conclusions announced are correct. The elaborate opinion there delivered renders any further discussion of the subject unnecessary. It follows that the court erred in sustaining the demurrer of the defendants last named. This error requires a reversal of the judgment as to these defendants, but not as to defendant Baker. It is an action of tort, in which a recovery against a defendant does not in any manner depend upon a recovery against any other. Hence, whether or not the judgment in favor of Baker is to be reversed must depend upon the question whether any error was committed in the trial of the case as to him.

The evidence disclosed that the City Bank of Houston was incorporated in 1870 and that it began business with a paid-up capital of $500,-000, which was subsequently increased. In 1885 its capital had been greatly impaired, and in September of that year defendant Baker was elected its president. In December next thereafter, upon his own petition, its assets were placed into the hands of a receiver for the purpose of distribution among its creditors. There was evidence tending to show that when he took charge of the business of the bank as president it was hopelessly insolvent. On the other hand there was testimony to support the conclusion that while its capital had been in part wasted and its affairs mismanaged there were assets sufficient, by a prudent management and continuance of the business, to pay all its debts and to leave a surplus for the stockholders. Before Baker became president a signboard had been for many years posted up in front of the bank building which contained the words, "Capital $500,000." The same statement appeared in a standing advertisement of the bank in a daily newspaper of the city, and also upon the letter heads used in transacting the correspondence of the bank. All of these were continued from the time that Baker was elected president until the assets of the institution were placed in the hands of a receiver. In addition to this the plaintiff D. C. Giddings testified in effect that the bank was the regular correspondent of his firm in the city of Houston, and as such was accustomed to collect and hold on deposit for plaintiff large sums of money; that in November, 1885, having heard a rumor indicating that the bank was not in a sound condition, he went to Houston for the purpose of ascertaining the truth of the matter and called upon

defendant Baker, who was then president, stated to him that he had deposits there, and asked him directly as to the financial standing of the institution; that Baker "replied unequivocally that there was no question of the ability of the bank to meet all liabilities," and that relying upon this representation the plaintiffs were induced to continue business with the bank until it failed, owing them approximately $10,-000. Defendant Baker testified on his own behalf that in the conversation referred to he told Giddings that the stock of the bank had been depreciated by loss of capital, but denied that he made the representation testified to by Giddings or any representation of a similar import. He further testified that very soon after he assumed the management of the bank as president he became aware that the capital of the concern had been in part wasted, but that he believed that it would be able to continue its business, pay all its debts, and leave an amount sufficient to pay from 15 to 30 per cent to its stockholders. He continued of this belief, as he swore, until it was found necessary to put the property in the hands of a receiver. This necessity was brought about by a run on the bank. Giddings also testified in effect that Baker told him the affairs of the bank had been mismanaged and that the stock had been greatly depreciated.

The testimony of Colonel Giddings himself, in our opinion, restricts the questions in the case to a very narrow compass. It is evident that after he had "heard some intimation" derogatory to the standing of the City Bank he no longer relied upon the statements placed upon its letter heads or in its advertisements or upon its signboard in front of the bank in extending credit to it. He then determined to inquire directly of Baker, and if the result was not satisfactory to cease his business connections with the institution. He called upon Baker for that purpose and, as they both agree, they had a conversation in which the standing of the bank was discussed. In Giddings' testimony he says emphatically: "I relied upon his [Baker's] statements. * * * I came down with a view to ascertain the condition of the bank, and intended if I found it was not safe to withdraw the account. He satisfied me that it was safe, and as an evidence of his satisfying me I left the money there." Under these circumstances it was immaterial what occurred before the interview, and it is not claimed that anything occurred thereafter by which the plaintiffs were deceived. It follows that the real questions at issue as presented by the evidence were: 1. Did Baker make the representations to Giddings as alleged? 2. If so, were these representations true or false? 3. If false, did Baker know them to be false, or could he by the exercise of the reasonable diligence required of one occupying his position have known them to be false? and 4. Were plaintiffs induced by these representations to continue their deposits in the bank? In this connection we remark that in our opinion the plaintiffs' right to recover did not depend upon a specific intent on

Baker's part to deceive. As to the transactions between the plaintiffs and the bank, Baker did not occupy the position of an indifferent third person. He was the principal officer and manager of the corporation. It was his duty to use reasonable diligence to acquaint himself with the affairs of the bank. But if by the use of such diligence he had been unable to do so, and he made a statement as to its condition which he believed to be true but which was in fact false, he would not be personally liable for the consequences of that statement. But on the other hand, if he could have ascertained the true condition of the bank by the use of due diligence and failed to do so, then we are of opinion he should be held liable for any false representation in regard to that condition, although made in good faith. Seale v. Baker, *supra*. Admitting for the sake of the argument that an officer of a bank when inquired of by a customer as to its condition may keep silent, yet if he speaks it is his duty to speak the truth if he know it, and he should not be permitted to assert his want of knowledge when it is his duty to know, and by the use of ordinary diligence he has had the opportunity to know.

Applying what has been said to the instructions of the court which are complained of in appellants' brief, we find some of them not applicable to the case made by the evidence and others erroneous. Of the former class is the following: That "although the City Bank of Houston may have been during Baker's presidency insolvent, and he may have known it, still the jury are charged that whatever they may believe as a question of moral duty, no legal duty devolved upon him, unasked, to inform the plaintiff or any other creditor of the bank's condition. The law is that mere silence or non-disclosure is no breach of duty, and unless Baker made some false representation concerning the bank's condition to the plaintiffs, or to some class of persons including the plaintiffs, this of itself defeats the plaintiffs' action against Baker, and your verdict should be in his favor."

The plaintiffs did not claim because of Baker's silence; they sought to recover because as they alleged he had spoken falsely. Whether the legal propositions involved in the instruction are correct or not we need not pause to inquire. It was not applicable to the facts of the case and should not have been given.

For the same reason the following charge should not have been given: "The undisputed evidence shows that the defendant Baker never became a director of the City Bank until September, 1885; and if the jury believe from the evidence that the plaintiff had been depositing money in said bank long before that date and merely continued to do so after Baker became a director in reliance on impressions previously received concerning the bank's solvency, and not on account of anything said or done by Baker, then this alone requires

your verdict to be in Baker's favor, even though it should appear that he did make misrepresentations, as charged against him."

As we have previously said, Giddings' testimony showed that the plaintiffs were induced to keep their money in bank solely by the representations of Baker, and unless such was the fact it is clear they had no case. A proper instruction on that point would have been that unless such representation was the inducement which caused plaintiffs to continue their relations with the bank they could not recover.

The following charge was also abstract and calculated rather to mislead than to enlighten the jury: "In actions of deceit, as this is, a necessary element to be established by the proof is fraud, which is never presumed; on the contrary, presumption of law is always in favor of innocence; and the law is that until from such proof such presumption is overcome that such presumption continues."

The following charges we think erroneous:

"If from the evidence you find that the plaintiffs, previous to any misrepresentation made by Baker after he became president of the bank, had dealings with the City Bank, and if after Baker became president they continued to have dealings with said bank upon their confidence in its credit and standing, and if Baker did not, after he became president, make false representations to D. C. Giddings as charged in the petition, with the intent to deceive him, upon which he (Giddings) relied and reasonably had the right to rely, then if you so find the facts to be from the evidence before you, your verdict should be for the defendant."

"An officer of a bank or other incorporated institution is not liable to a creditor for its debts, nor can he be held liable for losses sustained by such bank creditor unless the facts in evidence establish to the satisfaction of the jury trying the case that such officer knowingly made false representations to such creditor with the intent to deceive, and of such a character that a man of ordinary care and prudence would or should have relied upon, and that upon the faith of such representation being true he acted in a manner different from what it would have been but for such representation, and that loss ensued, and resulted to such creditor directly from placing reliance in such representation."

"To entitle plaintiffs to recover they must prove to the satisfaction of the jury, first, that Baker had substantially made the representations as alleged, and that they were false and intended to deceive; second, that plaintiff relied thereon, and third, that plaintiffs have sustained loss by reason of such reliance upon such representations by Baker."

Each of these instructions is erroneous, because they make the plaintiffs' right to recover depend upon Baker's having made the alleged false statement with the intent to deceive. The first two are also objectionable, because a recovery is made to depend upon the plaintiffs having a right to rely upon the representations if made. If the repre-

sentation as alleged in the petition was in fact made under the circumstances shown by the evidence, we do not see that there could be any question as to the plaintiffs' right to rely upon it, and it was not proper to submit such an issue to the jury.

It was proper for the court to instruct the jury as to the purpose for which the mortgage given by the bank was admitted in evidence and to limit its consideration to the question of knowledge and intent. Therefore the charge upon that subject was correct.

The court did not err in excluding the petition in the case of the City Bank by Weems, receiver, against W. R. Baker et als. That was a suit brought by the receiver to set aside a deed in trust executed by the bank upon certain of its property to secure certain debts owed by it to the defendants. We think it too plain for argument that the allegations of that petition were not evidence against the defendants in this suit.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 20, 1891.