SANGER BROTHERS AND THE MARTIN BROWN COMPANY
v. H. M. HENDERSON.

No. 1.

1. **Parties to Suit—Trustees and Beneficiaries.**—A trustee to whom goods have been conveyed for the benefit of certain creditors, and who is in actual possession of them at the time they are taken under attachment by other creditors, may sue for the taking and conversion of the goods without joining with himself the beneficiary creditors under the trust deed.

2. **Measure of Damages — Attaching Creditors.** — The measure of damages which the trustee may in such case recover for the taking and sale of the goods under attachment is their full value, without reference to the amount of the debts secured by the deed of trust.

3. **Charge of Court Without Evidence.**—It is error in the court to charge the jury as to the joint liability in tort of two defendants, upon the theory that they acted in concert and under agreement in committing the tort, when there is no evidence to sustain such theory. See opinion for proof not tending to show concert of action between attaching creditors.

4. **Practice—Withdrawal After Trial Entered Upon.**—It is not an abuse of discretion for the court to permit plaintiff, after the trial is entered upon and part of his evidence given to the jury, to withdraw his announcement of ready, because of a variance between the description of a trust deed in his pleadings and the instrument itself as offered in proof.

ON MOTION FOR REHEARING.

5. **Practice on Appeal — Remittitur.**—An offer by appellee (plaintiff below) to remit part of the damages recovered, and to dismiss as to one of two appellants, comes too late in a motion for rehearing on appeal.

APPEAL from Taylor.   Tried below before Hon. T. H. CONNER.

*M. A. Spoonts* and *Robertson & Coke*, for appellants Sanger Bros., and *Frank B. Stanley*, for appellant The Martin Brown Company.— 1.  The court erred in permitting plaintiff to withdraw his case after all parties had announced ready, and testimony had been adduced before the jury. Such withdrawal is an abandonment of plaintiff's cause of action. Freem. on Judg., secs. 7, 261; Steph. on Plead., 109, 294; 3 Black. Com., 376, 396; Childs v. Mays, 73 Texas, 76; 31 Ala., 108; Huston v. Berry, 3 Texas, 235; Coke Litt., 138; Rev. Stats., arts. 1368, 1391, 1372, 1301; Hipp v. Bissell, 3 Texas, 18; Lloyd v. Brinck, 35 Texas, 6.

2.  The beneficiaries in the deed of trust should have been parties plaintiff.   2 Perry on Trusts, secs. 873, 1875; May v. Slade, 24 Texas, 205; Ebell v. Barringer, 8 S. W. Rep., 77; Birmingham v. Griffin, 42 Texas, 147; McLane v. Paschal, 47 Texas, 365; Thompson v. Bohannon, 38 Texas, 241; Jones on Mort., secs. 1367, 1368, 1393; Malin v. Malin, 2 Johns. Ch., 238; Stillwell v. McNeely, 2 N. J. Eq., 305; Pome. Rem. Rights, secs. 132, 138; Jackson v. Harby, 65 Texas, 710; Hall v. Harris,

11 Texas, 300; Willis v. Hudson, 63 Texas, 679; Boles v. Linthicum, 48 Texas, 224; Story Eq., sec. 207; Weis v. Gerner, 42 Mo., 527.

3. Where there is no evidence in support of a theory, it is error for the court to submit such theory to the jury. Cox v. Harvey, 1 Posey's U. C., 265; Austin v. Talk, 20 Texas, 167; Yarborough v. Tate, 14 Texas, 483; Earle v. Thomas, 14 Texas, 583; Smith v. Redden, 1 Posey's U. C., 360; Cravens v. Wilson, 48 Texas, 324; Hutchins v. Masterson, 46 Texas, 551; Andrews v. Smithwick, 20 Texas, 111; Dodd v. Arnold, 28 Texas, 97; Hampton v. Dean, 4 Texas, 455; McGreal v. Wilson, 9 Texas, 426.

*Evans & Gooch,* for appellee.—1. It is within the discretion of the district judge to allow a party to withdraw his announcement of ready for trial for the purpose of filing an amendment that may become necessary to attain the ends of justice. Foster v. Smith, 66 Texas, 681; Parker v. Spencer, 61 Texas, 164; Heirs of Griffith v. Eliot, 60 Texas, 335; Obert v. Landa, 59 Texas, 475; Whitehead v. Foley, 28 Texas, 10; George v. Taylor, 55 Texas, 100.

2. Actual exclusive possession by the plaintiff is sufficient to support an action of trespass or for conversion against a mere stranger or wrongdoer. Linard v. Crossland, 10 Texas, 462; Bonner v. Wiggins, 52 Texas, 128; Railway v. Ragsdale, 67 Texas, 24; 1 Ct. App. C. C., sec. 517.

3. In an action at law the trustee of an express trust is the only person who can bring suit for a trespass upon or a conversion of the trust property, while the cestui que trust can only sue in equity, and in every case the trustee is a necessary party. Shelby v. Burtis, 18 Texas, 644; Perry on Trusts, 328, 330, 520, 886; Hill. on Rem. for Torts, 272; Barb. on Part., 441, 442.

4. There was sufficient to warrant the charge of court upon the theory that appellants acted in concert in seizing and selling the goods under the attachment. Lovejoy v. Murray, 3 Wall., 10; Weaver v. Ashcroft, 50 Texas, 444; Stone v. Dickson, 5 Allen, 29.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is prosecuted by Sanger Bros. and the Martin Brown Company from a verdict and judgment rendered against them and K. V. Northington jointly, in the District Court of Taylor County, on the 10th day of March, 1888, in favor of H. M. Henderson, trustee, for the use and benefit of J. W. Carter and Fechheimer Bros. & Co., in the sum of $15,146.22, for the alleged conversion by them jointly of a stock of merchandise conveyed and delivered by Donovan & Wylie to said Henderson on the 26th day of July, 1884, in trust, to secure certain debts then about to become due to said Carter, Fechheimer Bros. & Co., and others, from said Donovan & Wylie.

We find from the record that on said 26th day of July, 1884, said Donovan & Wylie, who were then engaged in mercantile business in the town of Abilene, Texas, being in a failing condition and desirous of securing certain preferred creditors, at the instance of said J. W. Carter, who was one of said creditors, and at the instance of a surety for said Donovan & Wylie to said Fechheimer Bros. & Co., also a firm of said creditors, made, executed, and delivered to said Henderson, with the knowledge and assent of said Carter and of said surety, but without the knowledge or consent of said Fechheimer Bros. and Co., or any of the other beneficiaries, a certain instrument in writing, by which said Donovan & Wylie conveyed to said Henderson in trust their entire stock of goods then situated in Abilene, to secure and enforce the payment of the several debts then about to become due to the creditors therein named, including said J. W. Carter and Fechheimer Bros. & Co.; and authorized said trustee to sell said property if said debts, or any part thereof, should not be paid at maturity, and apply the proceeds of such sale to the payment of said several debts in full, if sufficient for that purpose, and if not, then ratably; balance, if any, to be paid back to said Donovan & Wylie. We find that contemporaneously with the execution of said instrument, termed a deed of trust, said Henderson was placed in the actual and exclusive possession of said entire stock of goods, and that thereafter said Northington, in the capacity of sheriff of Taylor County (which office he then held), on said 26th day of July, 1884, levied a writ of attachment, at the instance of the attorney for Sanger Bros., on a portion of said stock of goods, to-wit, a lot of clothing valued at $3211.60, which attachment was issued out of the County Court of Taylor County in favor of said Sanger Bros. against said Donovan & Wylie, to collect a debt of $838.17, which said Donovan & Wylie owed to said Sanger Bros.; that at the time of making this levy said sheriff demanded and obtained from said Henderson the keys to said store house and took actual possession of said entire stock of goods, and that the proof tended to show that said attorney for Sanger Bros. was present at said store at the time; that said sheriff, continuing in the exclusive possession of said entire stock of goods, a few hours thereafter levied an attachment against said Donovan & Wylie in favor of Middleton & Daugherty on said entire stock of goods, subject to the prior levy for Sanger Bros.; and on the following day (July 27), while still in possession, levied an attachment writ upon said entire stock of goods, subject to prior levies, in favor of the Martin Brown Company against said Donovan & Wylie, which attachment issued out of the District Court of Taylor County, to collect a debt of $3574.27 which said Donovan & Wylie owed said Martin Brown Company; that the return on the first attachment levied stated that it was levied upon said clothing, attaching an inventory thereof, and the returns on the other two attachments recited that they were made on the entire stock of

goods, subject to the prior levy of Sanger Bros. on the same property; that the stock of goods remained in the hands of said sheriff till his successor in office acquired the possession thereof; that thereafter the attachment liens were foreclosed, Sanger Bros.' attachment upon the clothing as described in the return on that writ, and the other attachments, to-wit, the Martin Brown Company attachment and subsequent attachments, on the entire stock of goods subject to the prior levy of Sanger Bros., the Middleton & Daugherty suit having been dismissed a few days after the attachment was levied; that under these judgments of foreclosure separate orders of sale were issued, but the entire stock of goods was advertised and sold by the proper officer of Taylor County under the order of sale issued in the Martin Brown Company suit, and the proceeds of such sale distributed among the different plaintiffs in said suits, Sanger Bros. being first paid; that appellants were paid by remittances to their attorneys in Fort Worth. The record does not disclose at whose instance the sale and distribution of the proceeds were made, nor what knowledge, if any, Sanger Bros. and the Martin Brown Company had, in receiving their respective parts of the proceeds of said sale, of the manner in which the property had been sold and the proceeds distributed.

We fail to find in the record any evidence of an agreement or understanding between Sanger Bros. and the Martin Brown Company that they would act together in having said foreclosure sale made and share together the benefits of the same.

Appellee alleged the capacity in which he held said stock of goods at the date of the seizure as disclosed above, but failed to allege the acceptance of the provisions of said deed of trust on the part of any of the beneficiaries prior to said levies; and his petition was specially excepted to on this ground. He also alleged that appellants acted together in causing the seizure and conversion of the entire stock of goods, of the alleged value of $23,714.73, and, as measure of damages, set out the amount of his commissions and the debts due to said Carter and Fechheimer Bros. & Co., respectively, and prayed to recover in his own behalf and in the capacity of trustee as well as for the use and benefit of said Carter and Fechheimer Bros. & Co. His petition was specially excepted to for misjoinder of causes of action and nonjoinder of the beneficiaries in said deed of trust. The exceptions were all overruled and the points duly reserved; but the court on the trial eliminated the issue of a recovery in his own behalf, and submitted his right to recover in the other capacity upon the theory that the recovery should be apportioned amongst the accepting beneficiaries in said deed of trust according to the amount of their respective debts, and that it should be limited to the amount of said debts, if less than the value of the goods converted. The court also charged the jury substantially as follows: If you find that "Sanger Bros. and the Martin Brown Company acted in concert and together, and so acting the

Martin Brown Company sued out, or caused to be sued out, the order of sale under which the goods were sold, it being understood and agreed between them at the time that they would participate in and together share the benefits of such sale, and after the sale did in fact share the benefits thereof, and that thereby the value of said goods was wholly lost to said trustee and accepting beneficiaries," they would all be liable; of which charge appellants complain on the ground that there was no evidence to warrant it. On a former trial of the cause appellee, upon discovering a variance between the description of his deed of trust contained in his petition and the instrument itself when offered in evidence, was permitted to withdraw his announcement of ready for trial and have the cause withdrawn from the jury after two witnesses to the execution of the deed of trust had testified, of which complaint is also made, based upon a plea in bar of this action.

It is earnestly contended by appellants that appellee can not maintain this suit without also joining with him the several beneficiaries named in said trust deed, and we have been cited to a great many authorities upon this question. In our opinion they are entirely inapplicable, being mostly cases where beneficiaries in deeds of trust are held to be necessary or proper parties, according to the well established rules of equity.

This is an action at law for the conversion of the goods, and the ancient maxim of the common law, that possession is title as against a wrong-doer, is more applicable. It is true that the instrument under which Henderson took possession of said goods did not vest in him the legal title, but only created a lien upon the property for the benefit of the beneficiaries therein named; but it is also true that his possession under said instrument was in the nature of a pledge, and entitled him to maintain an action against a trespasser, though the title was not in him. See Jones on Pledges, sec. 10, 12, 434. Osborn v. Koenigheim, 57 Texas, 91, and subsequent cases.

It is well settled that an attaching creditor who causes property held in pledge to be seized and taken from the possession of the pledgee is a trespasser within the meaning of this rule. In such case the measure of damages is the full value of the goods, without reference to the amount of the debts secured by the pledge. Jones on Pledges, secs. 433, 434; Treadwell v. Davis, 34 Cal., 601; Thompson v. Toland, 48 Cal., 100; Osborn v. Koenigheim, above, and subsequent cases.

In this case the record discloses that at least one, if not two, of the beneficiaries assented to the mortgage and pledge prior to the levies. We do not think that the force of the acceptance by Carter's agent and attorney was at all affected by the subsequent expressions of indignation and dissatisfaction on Carter's part at not being better secured. It is not necessary, therefore, to decide whether or not the acceptance by the trustee

alone, prior to the levies, was sufficient, and we do not decide that question, but call attention to the alleged defect in the petition in this respect as disclosed in the above conclusions of fact.

If the trust deed and pledge are not vitiated by fraud, as alleged by appellants, we hold that appellee is entitled to maintain this suit under the facts disclosed in this record for the full value of the stock of goods, without reference to the amount of the debts secured.

We are of opinion, however, that the court below erred in giving the charge quoted above, because we find no evidence in the record that appellants sued out or caused to be sued out the order of sale under which the goods were sold *in pursuance of an understanding and agreement* between them at the time that they would participate in and together share the benefits of such sale; and for this reason we feel constrained to reverse the judgment appealed from.

It seems to us that if appellee relied on any such agreement and understanding to show a joint liability, he should have produced some evidence of it, the burden being on him to show the alleged concert of action. It must have been easily within his power to have proven by the officers who issued and executed said process the facts attending the issuance and execution thereof, at least to the extent of showing who caused it to be done, there being other parties interested besides appellants.

It seems to us that the sale by Sheriff Cunningham of the entire stock of goods in bulk under the order issued upon the judgment in favor of the Martin Brown Company, and the distribution of the proceeds of said sale amongst the several attaching creditors, including Sanger Bros., in the absence of any proof as to why he pursued this course, should be deemed a mere irregularity on his part, and not proof tending to show an agreement or understanding between appellants.

The action of the court below in permitting appellee, on a former trial, to withdraw his announcement of ready after his testimony in part had been introduced, and in discharging the jury, is not deemed to have been an abuse of discretion.

Very many other questions are raised by the assignments and propositions of appellants, all of which have been carefully considered, but as they may not arise upon another trial we decline to pass upon them.

On the ground stated above the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 18, 1892.

ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—The motion for a rehearing seeks a review of the question upon which the judgment below was reversed and the cause remanded, and in addition urges a reconsideration in order that, in case the position of appellee can not be sustained, he may have an opportunity to remit and dismiss as to the appellant to whose prejudice the error was committed in the trial below, and have the judgment affirmed as to the other appellant.

This being an action of tort, we are of opinion that, if appellee had suggested such a course before the judgment of this court was entered, the judgment below might have been affirmed as to the Martin Brown Company, upon his entering a dismissal as to Sanger Bros., but under the practice adopted by the Supreme Court, which we feel bound to follow, such an offer comes too late in a motion for a rehearing. See Chadwick v. Meredith, 40 Texas, 383; Giddings & Giddings v. Baker, 80 Texas, 312; Kauffman v. Wooters, 79 Texas, 210; Blum v. Strong, 71 Texas, 321; 73 Texas, 566.

We do not wish to be understood as announcing that no error was committed to the prejudice of the Martin Brown Company, for we expressly pretermitted in the opinion heretofore rendered one or more questions the decision of which was not deemed necessary to a disposition of the appeal. We announce simply, that if appellee, on the orignal hearing in this court, had offered to remit and dismiss as to Sanger Bros., the judgment might have been affirmed as to the Martin Brown Company, if no error had been found to their prejudice in the record.

The complaint in the motion for a rehearing, that the brief for Sanger Bros. does not contain the assignment of error upon which our judgment of reversal rested, not being sustained by the record, was abandoned by appellee in the oral argument of this motion.

The motion for a rehearing will therefore be overruled.

*Motion overruled.*

Delivered November 30, 1892.