**MANIATIS et al. v. TEXAS MUT. LIFE INS. CO.**

**No. 1687.**

Court of Civil Appeals of Texas. Waco.

Jan. 23, 1936.

Rehearing Denied Feb. 20, 1936.

H. L. Knop and F. M. Fitzpatrick, both of Waco, for appellants.

Richey, Sheehy & Teeling, of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by Helen Maniatis and her husband against Texas Mutual Life Insurance Association to recover on a life insurance certificate issued by the defendant on the life of Speros Vlahos and payable to Mrs. Maniatis. The defense was that the insured had secured the certificate of insurance by false representations made in the application as to the condition of his health. The verdict of the jury on special issues was favorable to the defendant, and judgment was entered accordingly. The plaintiffs appealed.

The insured in his application for insurance represented, in substance, that he

was in good and vigorous health and free from all bodily ailments and disease; that he had never had nor been told that he had any of the following diseases or ailments affecting the following organs: Teeth, lungs, bronchitis, tuberculosis. He further represented that he had not consulted a physician for any ailment during the three years prior to the date of the application. The jury found, in substance, that at the time of the making of the application for the insurance the insured was not in good and vigorous health, and that he knew it, and that his representation to the contrary was material to the risk and was relied on by the insurance association in issuing the policy; that he had had bronchitis and knew it, and that his representation to the contrary was material to the risk and was relied on by the association; that he had had a disease affecting his teeth and knew it, and his representation to the contrary was material to the risk and was relied on by the association; that he had consulted a physician for an ailment within three years prior to the date of the application, and his representation to the contrary was material to the risk and was relied on by the association in issuing the policy; that, after receiving the application, the association made an independent investigation concerning the health of the insured and relied in part but not wholly thereon in issuing the policy; and that the agent of the association who took the application did not know that the insured was not in good health. The jury also found that the insured had not had any disease of the lungs, and that his death was not caused wholly nor in part by tuberculosis, and that the insured was in good health at the time the policy was delivered to him.

By a number of propositions appellants contend that the findings of the jury that the association in issuing the policy relied on the various representations contained in the application for insurance were in conflict with the finding that the association made an independent investigation as to the health of the insured and relied thereon in issuing the policy. It is true that the jury found in answer to special issues 14 and 15 that the association made an independent investigation as to the health of the insured and relied thereon, but, in answer to special issue No. 16, the jury found that the association did not rely wholly on said investigation in issuing the policy. The verdict must be considered as a whole, and, when it is so considered, it is apparent that the association in issuing the policy relied only in part on the independent investigation made by it. While it is true that the association, in order to defeat liability on account of the alleged false representations, must establish it relied on such representations, it is not indispensable that it should establish that it relied wholly thereon, nor that such representation was the sole cause of its action; but it is sufficient if such representation constituted one of the several inducements and exerted a material influence in bringing about the contract. 26 C. J. 1165, § 76½; 20 Tex.Jur. 52; Buchanan v. Burnett, 102 Tex. 492, 495, 119 S. W. 1141, 132 Am.St.Rep. 900; Durham v. Wichita Mill & Elev. Co. (Tex.Civ.App.) 202 S.W. 138, par. 1; Hart-Parr Co. v. Krizan & Maler (Tex.Civ.App.) 212 S.W. 835, par. 3, and authorities there cited. Neither does the fact that appellee undertook to make an independent investigation defeat its right as a matter of law to rely on the alleged false representations, and this is especially true where the investigation failed to disclose the falsity of the representations or any suspicious circumstances concerning the same. 26 C.J. 1162, § 75. Under such circumstances, it hardly lies within the mouth of the one accused of having made the false representation to say that by a more diligent inquiry it could have been discovered that his representations were false and that he was attempting to perpetrate a fraud. 20 Tex.Jur. 58; Buchanan v. Burnett, 102 Tex. 492, 495, 119 S.W. 1141, 132 Am.St.Rep. 900; Labbe v. Corbett, 69 Tex. 503, 6 S.W. 808. The only investigation made by the association was an inquiry from the Retail Merchants' Association as to the occupation, habits, and general appearance as to health of the applicant. There was nothing in the report received by the insurer to show that any of the representations contained in the application were false or to cast any suspicion concerning the same. There is no conflict in the findings of the jury in the respect here complained of and these assignments are therefore overruled.

Appellant contends that the finding of the jury that the insured had had bronchitis is in conflict with its finding that he had not had tuberculosis. We do not understand that the disease commonly known

as bronchitis is the same as tuberculosis. This assignment is overruled.

The jury found in answer to one issue that the insured was not in good and vigorous health at the time he made application for the insurance and in answer to another issue it was found that he was in good health at the time the policy was delivered. It is contended that these findings are in conflict. The application was signed and delivered on the 5th day of May, 1933, and the policy was not delivered until on or about the 26th day of May, 1933. These findings related to the condition of the insured's health on different dates, and therefore were not in conflict.

The court, over the objection of the appellant, permitted the common-law wife of the deceased to testify that in her opinion the deceased was not in good health during the last three years of his life. The appellant objected to this evidence because it was a conclusion of the witness and an invasion of the province of the jury. In our opinion this ruling does not constitute reversible error. This witness had lived with the deceased as his wife from October, 1930, to a short time prior to his death in September, 1933, and had had ample opportunity to observe the deceased and to know the condition of his health, and was entitled to give her conclusion concerning the same even though she was a nonexpert, especially where she gave the facts upon which the conclusion was based. Armour & Co. v. Tomlin, 42 S.W.(2d) 634, par. 12, and authorities there cited. Neither was there any error in permitting Dr. Ellinger, a regular licensed physician who had examined and treated deceased just a day or two prior to the date of the making of the application for insurance, to testify that in his opinion the deceased was not in good and vigorous health. 19 Tex.Jur. 56; Pullman Co. v. Hoyle, 52 Tex.Civ. App. 534, 115 S.W. 315; International & G. N. Ry. Co. v. Mills, 34 Tex.Civ.App. 127, 78 S.W. 11.

Appellant contends that the judgment cannot stand because there was neither pleading nor finding by the jury that the alleged false representations were intentionally made for the purpose of deceiving the insurer. We do not understand that this was necessary. The application contained a statement that the representations were made for the purpose of securing the insurance and should become a part of the contract, and that, if any of the statements therein were untrue, the contract would thereby be nullified. It was alleged and the jury found that the statements in the application were material and false, and that the insured knew that they were false when he made them, and that they were relied on by the association in issuing the policy. Clearly, if the statements were known to be false and were made for the purpose of inducing the contract and actually accomplished that purpose, as undisputably appears from the record, the contract was procured by fraud and should not be allowed to stand. 24 Tex.Jur. 938; 20 Tex.Jur. 42–44; Atlanta Mutual Ins. Ass'n v. Heard (Tex.Civ. App.) 40 S.W.(2d) 927; Price v. D'yarmett (Tex.Civ.App.) 27 S.W.(2d) 616 (writ refused), and authorities there cited; Wilson v. Jones (Tex.Com.App.) 45 S.W. (2d) 572; Mason v. Peterson (Tex.Com. App.) 250 S.W. 142; Giddings v. Baker, 80 Tex. 308, 16 S.W. 33.

Counsel for appellee, in his argument to the jury, made the following statement: "The evidence in this cause discloses that Speros Vhlahos (the deceased insured) was a gambler and racketeer in the state of California, and that he moved to Bryan, Texas, and changed his gambling from the dice tables and roulette wheels to gambling on human life." Appellant contends that the making of this statement requires a reversal of the judgment of the lower court. The record discloses that the trial court promptly sustained appellant's objection and instructed the jury not to consider the alleged improper argument. Furthermore, the common-law wife of the deceased testified that she lived with him in California as his wife from October 30, 1930, until he moved to Bryan, Tex., in January, 1933, that deceased was engaged in gambling and bootlegging liquor in California and ran a speakeasy in Sacramento, and that, after he moved to Bryan he gambled. The evidence further shows that he was coughing and spitting up blood and unable to sleep at night while he lived in California, and that, after moving to Bryan, he was examined and treated by Dr. Harrison, and that from May 3 to May 8, 1933, he was sick in bed and treated by Dr. Ellinger, who found him to have fever, sweats, marked bronchial breathing, dullness of percussion of the lungs, and crackling rales, and who diagnosed his ailment

939

as acute and chronic tonsilitis, bronchitis, and tentative diagnosis of pulmonary tuberculosis. He was 33 years of age and had never carried any insurance prior to the examination made by Dr. Ellinger, but on May 6th, while he was under treatment, he applied for the policy in question in the sum of $5,000, and within a short time thereafter he took out policies in three other companies for a total sum of $12,500 and applied for a $2,500 policy in another company. Under the condition of the record, we do not think that the argument complained of requires a reversal of the judgment, especially in view of the fact that the court promptly instructed the jury not to consider the remarks complained of.

We have very carefully considered all other assignments and find them without merit.

The judgment of the trial court is affirmed.