**KIRKPATRICK v. GAYLE et al.**

No. 12663.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 3, 1954.

Rehearing Denied March 3, 1954.

Pichinson & Utter, Corpus Christi, John H. Miller, Sinton, for relator.

Alex F. Cox, Beeville, Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellees.

W. O. MURRAY, Chief Justice.

Relator, Z. W. Kirkpatrick, has filed a petition for a writ of mandamus to compel Honorable W. G. Gayle, District Judge of Bee County, to enter a judgment in his favor in the case of Gladys Skinner Phillips v. Z. W. Kirkpatrick, pending on the docket of the District Court of Bee County as Cause No. 8374.

This suit was filed by Gladys Skinner Phillips against Z. W. Kirkpatrick to recover damages arising out of the sale of real property by Kirkpatrick to her. A jury trial was begun on or about April 29, 1953, and on April 30, 1953, the jury returned its answers to the special issues submitted, in substance, as follows:

(1) That defendant represented to plaintiff that the building was of good, sound construction.

(2) That such representation was false.

(3) That such representation was a material inducement to plaintiff to purchase the property.

(4) That plaintiff relied upon such representation.

(5) (No finding as to the market value of the property in question.)

(6) That the property would have been worth $10,000 if it had been as represented.

(7) Defendant did not know the representation was false.

(8) (Issue as to exemplary damages not answered.)

(9) Plaintiff made an independent investigation of the condition of structure of the building before she bought it.

(10) Plaintiff did not know from persons other than defendant the condition of structure before she bought it.

(11) Plaintiff did not know from her own observation the condition as to soundness or unsoundness of structure at the time of buying.

(12) The condition of the building was such as to put plaintiff on notice as to other defects of structure.

The plaintiff filed a motion to set aside the verdict of the jury and grant a mistrial or a new trial alleging that the jury's answer to Issue No. 9 conflicts with the answers to Issues Nos. 10 and 11, and stating that in the event such answers could conceivably be reconciled, on the theory that she made an independent investigation that did not lead to the obtaining of the information concerning the condition of the building, such finding would not be a defense in view of the findings of the jury in answer to Special Issues Nos. 1, 2, 3 and 4. In her motion plaintiff further contends that the jury's answers to Issues Nos. 9, 10 and 11 are in conflict with the answer to Issue No. 12; and that Issue No. 7 is in conflict with Issue No. 12.

We are of the opinion that the petition for writ of mandamus should be denied, because, regardless of the alleged conflict in the jury's answers to the special issues submitted, the mandamus should not be granted for other reasons, which we will now discuss.

The jury first found that the defendant represented to the plaintiff that the building was of good, sound construction, which representation was false, and that such representation was a material inducement to plaintiff to purchase the property, and that plaintiff relied upon such representation. The jury failed to answer Issue No. 5, as to the market value of the property, and therefore it was impossible from the verdict of the jury to tell the amount of plaintiff's damages, and for that reason the district judge could not enter judgment in favor of plaintiff. In answer to Issue No. 9, the jury found that plaintiff made an individual investigation of the condition of the structure of the building before she bought it, but in answer to Issue No. 11 found that she did not know from her own observation the condition as to the soundness or unsoundness of the structure at the time of buying, and in answer to Issue No. 10 found, that plaintiff did not know from persons other than the defendant the condition of the structure before she bought the building. There is no finding that she was negligent in not discovering the condition of the structure of the building. It is true that in answer to Issue No. 12 the jury found, that the condition of the building was such as to put plaintiff on notice as to other defects of structure. But the jury also found, in answer to Issue No. 7, in effect, that defendant, who was alleged to have constructed the building, did not know of its unsound structure. Under such circumstances we can not say that it was the ministerial duty of the district judge to enter judgment in favor of defendant. The jury's answers to Issues Nos. 9, 10, 11 and 12 do not constitute an absolute defense to plaintiff's cause of action in the face of the fact that the jury had found defendant falsely represented the building to be of good sound construction, and that such representation was a material inducement to plaintiff to purchase the property and that plaintiff relied upon such representation. Maniatis v. Texas Mutual Life Insurance Co., Tex.Civ.App., 90 S.W.2d 936.

■ Furthermore, the motion made by plaintiff, which was granted by the trial court, asked that the findings of the jury be set aside. We have no way of knowing whether the court set aside all of the findings of the jury or only a part of them, and in the absence of a statement of facts it is impossible for us to determine whether these issues were not supported by the evidence and therefore properly set aside.

Rule 300, Texas Rules of Civil Procedure, provides in part:

"Where a special verdict is rendered * * * the court shall render judgment thereon unless set aside or a new trial is granted, * * *."

The trial judge having granted the motion to set aside the findings of the jury, we have no power to order him to render judgment for the defendant.

Accordingly, the petition for a writ of mandamus will be denied.