Wheeler. J.
The plea in abatement was framed with a view to the provisions of tlie act of the 28th of June, ISIS, (Hart. Dig., pp. 552,503.) The statute had reference to suits on foreign judgments. This is not a suit upon a judgment and does not come within the provisions of the statute. The matters pleaded in abatement were irrelevant and insufficient, and the court erred in overruling tiie exceptions to the plea.
The matter pleaded as to the not filing of the act of incorporation was more properly matter of demurrer or exception to the petitiou than of a plea in abatement. But, considered as an exception to the petition, it was not well taken.
But it is insisted that tlie cause of action was barred before the institution of this suit, and that the case was, therefore, rightly dismissed. It does not so appear from the petition.
Of tlie right of tlie plaintiff' to intervene, claim the benefit of the original suit, and prosecute it to judgment, if, as he alleges, he is the owner of the notes and lias never assigned or transferred them to another, there can be no question. And it is very chair that the nominal plaintiffs in that suit could not defeat his riglit, after the filing of the petitiou and notice to them, by dismissing the suit.
If it should turn out that the cause of action upon the notes was Barred before the institution of tlie original suit, there will be an end of the case, in so far at least as a recovery is sought upon the notes. But it does not so appear upon tlie xietition, nor is there any suggestion to that effect in tlie record.
There are other matters presented by the record which it is not deemed necessary to the present disposition of tlie case to notice.
We are of opinion that tlie court erred in sustaining the exceptions to the plea and thereupon dismissing the ease. The judgmeut is therefore reversed, and the cause remanded for further proceedings.
Judgment reversed.