JOHN O. SHELBY AND WIFE v. NATHANIEL W. BURTIS.

Where an injunction is obtained against the enforcement of a deed of trust given to secure a promissory note, it is not a contempt of Court for an assignee of the note, to whom it was assigned before the injunction was obtained, and who was no party to the injunction suit, to bring suit on the note, and pray an order of sale of the property mentioned in the deed of trust.

If the objection be taken at the proper time, the trustee in a deed of trust, given to secure the payment of a note, with power to sell, should be made a party to a suit to recover judgment on the note, and sell the property to satisfy the judgment; but the objection cannot be raised for the first time in the Supreme Court.

An objection for the want of proper parties cannot be taken on general demurrer.

It was said in Hollis and Wife v. Francois & Border, that these mortgages by the wife, of her separate property, for the benefit of the husband, should be closely scrutinized, and they must be free from symptoms of fraud, coercion or undue influence.

The undue influence from which the wife is relieved, and which has the effect of invalidating her acts, is believed to arise mainly from some exertion of the power which the husband has over her person and property, so as virtually

to deprive her of her capacity as a free agent ; and not, as in this case, where appeal is made merely to her sympathies, to relieve the property of her husband from a temporary pressure.

That the wife was told by an attorney, employed by her husband, that her signing certain notes and a deed to secure them in her separate property, was a mere matter of form, and that she would not be bound by them, and that the creditor was present, and knew the most, if not, as she believes, all the facts stated in her answer, is not a sufficiently distinct allegation that the creditor knew that she had been advised by her husband's counsel as alleged.

Appeal from Polk. Tried below before the Hon. Peter W. Gray.

Suit by appellee against appellants, commenced April 16th, 1855, on two promissory notes, one for $200, and the other for $1350, and to foreclose a mortgage on four slaves, given to secure the same. Both notes were dated Nov. 16th, 1853 ; the $200 note was due January 1st, 1854, and the other January 1st, 1855 ; payable to the order of Elbridge Walbridge. The mortgage was a coveyance of the slaves in trust to D. D. Moore, with power to sell and pay the notes, if not paid at maturity. The petition alleged that the notes and mortgage were, for value received, transferred by Walbridge to plaintiff on the 19th of March, 1854.

On the 8th of January, 1855, the appellants had commenced suit in the same Court, against Walbridge and others to restrain the collection of said notes, and the enforcement of said deed of trust, and had obtained a preliminary injunction ; but the plaintiff in this suit had not been made a party to that suit.

The defendants moved to dismiss this suit, on the ground that it was commenced in contempt of the injunction, there being an allegation that plaintiff had notice thereof. Motion overruled.

The answer of J. O. Shelby is not important. The answer of Rebecca, his wife, as finally amended, was as follows : Now comes Rebecca S. Shelby, one of the defendants in the above entitled cause, by leave of the Court first had, and amends the

former answer herein filed, in the manner and substance as follows : she would first represent unto your Honor, that her husband, her co-defendant, has refused to join her in exhibiting to the Court the facts contained in the following answer, which, as your Honor will perceive, are so essential to her defence, and which she would not make known to the Court if it were not that it is necessary to her protection and support and actually essential to her defence. This defendant would state that one Elbridge Walbridge held and controlled an execution in the hands of the Sheriff of Polk county, before and at the time of the signing the notes and deed of trust and the acknowledgment of the deed of trust sued upon ; that said execution was against her co-defendant and his property, and not against this defendant ; that said Walbridge was thus holding this execution in terror over the said John O. Shelby, and was urging him to settle the same in some way by giving security to him for the same ; that said Walbridge was threatening the said John O. Shelby that if he did not give the security desired he would levy upon and sell a bulk of seed cotton, which was valuable, and of the value of two thousand dollars, under said execution, in ten days, which would result in great loss to the said John O.; that the said John O., being thus perplexed, harrassed and distressed, approached this defendant and asked her to sign the notes and deed of trust sued upon herein, and thus to settle said execution. This defendant refused to sign said notes and deed of trust ; but, the said Walbridge threatening as aforesaid, urged her husband, her co-defendant, to continue his entreaties and thus secure said debt as he desired. But this defendant refused, until, being overcome by the entreaties of her co-defendant and his urgent solicitations to join him in said notes and deed, and not having time to deliberate, think or reflect upon the subject, and being told, as this defendant was, by William A. Palmer, an attorney at law, employed by her co-defendant, that her signing said notes and deed was a mere matter of form, and that she would not be bound by

them, or either of them, she, this defendant, did sign said notes and said deed of trust, and did acknowledge said deed of trust as certified by the Notary. This defendant would further state that said Walbridge was present and knew the most, if not, as this defendant believes, all the facts above stated, and knew all of the circumstances by which she was surrounded at the time of the execution of the notes and deed of trust sued upon. This defendant further states that there was a combination against her to secure her signature and acknowledgment to the instrument sued on, between the said Walbridge, the said attorney and her said co-defendant, the latter being urged to the same by his situation ; that undue advantage was taken of her ; that undue influence was exercised upon her, and improper advice given to her ; that she did not have time to consider the subject. All of which is above shown. Wherefore this defendant says that her signature to said notes and deed, and her acknowledgment to said deed were procured by fraud ; that said Walbridge knew of said fraud at the time he received said notes and deed, and this defendant believes that he was a party to said fraud, urging the rest to procure her signature at all events. Wherefore this petitioner prays your Honor to annul and decree void said notes and deed, so far as she is concerned, for fraud. This defendant would further state that the slaves, mentioned in said deed of trust, and each of them, are her separate property, as will more fully appear by conveyances by deed filed in this cause, which she prays may be inquired of by the country.

A demurrer to said answer of Rebecca Shelby, was sustained. Demurrer to the petition overruled. Demurrer to the answer of J. O. Shelby sustained. Jury waived, and judgment for plaintiff.

*Leigh* and *Baker*, for appellants.

*E. A. Palmer*, for appellee.

HEMPHILL, CH. J.   The appellants assign that the District Court erred,

1st. In refusing to dismiss the cause.

2d. In overruling demurrer to plaintiff's petition.

3d. In sustaining plaintiff's exceptions to answers of defendants.

And the defendant, Rebecca Shelby, separately assigns error in sustaining plaintiff's exceptions to her separate answer.

As to the first ground, the appellants conceive that this suit should have been dismissed for the reason that a previous suit had been instituted by appellants against Walbridge, to whom the notes were executed, and against Moore, the trustee in the trust deed given on some negroes of the appellant Rebecca, to secure the payment of these notes, and a writ of injuction had been obtained, restraining the parties defendants in that suit, from attempting to enforce the said trust deed.  But the plaintiff in this suit was no party to the former suit, and the notes had been passed to him (if the facts be not misconceived) long before the commencement of the suit, and consequently he was not bound by the proceedings, nor was he in contempt of the process of injunction, it having, as against him, no operation. There was no error in refusing the motion to dismiss.

The appellants insist, under the second assignment, that the petition was defective for the want of parties, the trustee, D. D. Moore, not having been brought in as a defendant, and that upon that ground the demurrer should have been sustained. Had this objection been taken below, it should have prevailed. The trustee is not deemed, in a suit by the creditor against the debtor to foreclose a deed of trust given by way of mortgage, an absolutely necessary party.   But he is a proper party, and should be joined as such ; and the objection, when apparent on the face of the petition, as it is in this case, may be taken by demurrer, and is believed to be of such a character that it might be insisted upon at the hearing, (Story, Eq. Pl. Sec. 541, 207 ;) but it comes too late when taken for the first time in the

appellate Court.   The result of the previous decisions of this Court is, that the legal title, as a general rule, remains in the mortgagor, as it does also in the debtor who, instead of executing a mortgage, gives a deed of trust.   It might be somewhat difficult to define with precision the character and quality of the estate in the trustee.   It is clear that the parties who have the substantial interest, are the debtor, who is the owner of the property, and the creditor for whose debt it has been pledged.   But the trustee has some interest, and this becomes paramount to all other rights, should it become necessary that the trust should be enforced by him according to its terms. But if the creditor, instead of availing himself of his summary remedy of sale by the trustee, brings suit for foreclosure, the matter is taken out of the control of the trustee; his interest becomes nominal, and has no such force as would require the appellate Court, where it is for the first time presented, to set aside the proceedings of a protracted litigation, in order that he might be made a party, so as to be bound by the decree.

The demurrer is general, and one of the inconveniences of a general demurrer is, that the appellate Court is not apprised with certainty of the ground insisted upon below.   But there is little danger of mistake in this case.   There is no allusion to this ground in the original briefs for the appellants or appellee; and in the amended brief of the appellee, he declares that it was presented for the first time in the argument before the Supreme Court.

Under the circumstances, we deem the ground insufficient, and that there was no error in overruling the demurrer to the petition.

It is not without some hesitation, that we have come to the conclusion that there was no error in sustaining the demurrer to the separate answer of the appellant Rebecca.

We have repeatedly decided, that since the introduction of the Common Law, a wife can make a valid mortgage of her separate estate, for the payment of her husband's debts.   (Hol-

lis and wife v. Francois & Border, 5 Tex. R. 195 ; 6 Id. 102.)
This was the reverse of the rule previously in force under the
Spanish Law.  Contracts, under that law, in which the wife
joined with her husband as a surety, were absolutely void, and
those in which she joined as a co-obligor merely, were void,
unless they proved advantageous to herself.  It is not to be
disguised that her condition, to say the least, has not been im-
proved by the change.  Had her freedom of action been in-
creased in a degree commensurate with her power to bind her
estate, there would have been a manifest improvement on the
ancient law.  But her estate is now, as it was in former times,
under the control of her husband.  She has not the power to
dispose, as a *feme sole*, of the *corpus* of her statutory estate,
nor to receive and take for herself its profits, as a married
woman has over her separate equitable estate, as recognized
and sustained by Courts of Equity.  And it was in relation to
this latter species of estate, and to the powers of a married
woman over such estate, that the rule giving her authority to
encumber her estate for the benefit of her husband, was intro-
duced.  But it avails not to recur to these reminiscences or
distinctions.  By the law, as it exists, both the Court and ap-
pellant must abide.  It was said in the case of Hollis and wife
v. Francois & Border, that these mortgages by the wife, of her
property, for the benefit of the husband, should be closely scru-
tinized, and they must be free from symptoms of fraud, coercion
or undue influence.  (2 Story, Sec. 1395 ; 3 Johns. Chan. 550 ;
2 Ves. Jr. 198, 500.)  And the principal difficulty is to deter-
mine, upon the facts in this case, whether there was undue in-
fluence.  It is believed, however, that though a strong influence,
as represented, was brought to bear on the feelings and affec-
tions of the wife, yet there was not that species of undue influ-
ence, which is reprobated by the law.  The power vested in
the husband over the wife is very great.  It exists in undimin-
ished force over her person, and he still has a species of right
or control over her property.  The undue influence from which

the wife is relieved, and which has the effect of invalidating her acts, is believed to arise mainly from some exertion of this power by the husband, so as virtually to deprive the wife of her capacity as a free agent, and not as in this case, where appeal is made merely to her sympathies, to relieve the property of her husband from a temporary pressure, until he could either avail himself of his defences against the claim, or until, as must be understood in such cases, he could raise the means to pay the debt out of the community estate, or out of his own property.

The wife, in her separate answer, charges that before signing, she was told by an attorney, employed by her husband, that her signing said notes and deed was a mere matter of form, and that she would not be bound by them, or either of them, and that the creditor, Walbridge, was present, and knew the most, if not, as she believes, all the facts stated in her answer. Had she averred distinctly that the creditor knew that she had been advised by counsel that her signature was a mere matter of form and not binding upon her, this, it is believed, would have been such a fraud upon her, by his consent and collusion, as to have been a ground for relief. But she does not charge distinctly as to this fact. And the fact as stated, occuring as it did between herself, her husband and his counsel, could, under the circumstances, have no effect against the creditor. If the husband, or any really free agent, had stated that his signature was merely matter of form, not intended to be binding, it would have had the effect to give, if possible, additional force to his acts. His statement would be regarded as a confession of a fraudulent design. Such imputation can not, however, be made against the wife, who is supposed to be not well informed of her rights, or of the effect of her acts. But while it should not be allowed to operate to her injury, it cannot have the effect of giving her relief.

Judgment affirmed.