JAMES WILLIE AND OTHERS v. JOSEPH M. THOMAS AND OTHERS.

A return on a citation, by the sheriff, that he " executed the same by serving
" James Willie with a true copy of this writ, together with a certified copy of
"the accompanying petition," is not sufficient; and judgment rendered by
default thereon, held to be erroneous, and reversed.

Where several defendants, against whom judgment has been rendered, on a
joint and several promissory note, prosecute a writ of error, and one fails to
join in the writ of error, a reversal as to either, will operate as a reversal as
to all.

ERROR from Washington. Tried below before the Hon. R.
E. B. Baylor.

Suit by defendants in error, against the plaintiffs in error, on
a joint and several promissory note. Return of service of cita-
tion, as to two of the defendants, James Willie and A. H.
Willie, as follows: " Came to hand July 31st, 1857, and exe-
" cuted the same day, by serving James Willie with a true copy
" of this writ, together with a certified copy of the accompany-
"ing petition.

" A. G. WIER, Sheriff, T. Co.<br>
"by J. W. BLACKWELL, Deputy."

The return of the citation as to A. H. Willie, was precisely
similar to the above; except as to the name of A. H. Willie in
the place of James Willie.

Judgment by default was rendered against all the defendants.
Writ of error prosecuted by all the defendants, except the
defendant, A. H. Willie. Plaintiffs in error, assigned for error,
that the defendants, in the court below, were not properly
served with the citation.

*Horton* and *Ewing*, for plaintiffs in error, cited Underhill v.
Lockett, 20 Tex. Rep. 130; Roberts v. Stockslager, 4 Id. 307;
Burleson v. Henderson, Id. 49; and Wood v. Smith, 11 Id.
367.

*J. D.* and *D. C. Giddings,* for defendants in error, suggested delay.

BELL, J.   The record does not show proper service of the citations to James Willie and A. H. Willie, two of the defendants in the court below.   The return of the sheriff, on the citations to those defendants, was to the effect, that *he had served them* with writ, &c.   We have, at the present term, held such returns to be insufficient: (Graves v. Robertson, ante, page 130.)

A. H. Willie does not prosecute this writ of error; but the reversal of the judgment, as to one of the defendants, will operate as a reversal as to all: (Burleson v. Henderson, 4 Tex. Rep. 49; Wood v. Smith, 11 Id. 367.)

The judgment is reversed, and remanded for proper service on the parties who are not properly served, and for further proceedings.

                                   Reversed and remanded.