### J. T. WATSON v. KING MATHEWS.

1. When exceptions are taken to the exclusion of a written document as evidence, they must set out the document so that this court may judge of its sufficiency and materiality; and they should disclose the reasons why the document was excluded by the court below.

2. The statute of 1866 having defined the mode of estraying animals, and having prescribed the necessary steps for perpetuating the evidence of the proceeding, it seems that no other evidence is competent to establish a purchase at a sale made under the estray laws. (General Laws of 1866, p. 54.)

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

Suit by the appellee against the appellant for a certain horse, which the latter claimed to have bought at an estray sale. The opinion discloses other facts.

*Phil. Claiborne*, for the appellant.

*Jones & Sayers*, for the appellee.

OGDEN, J. There is no statement of facts in the record of this case, and we are asked to revise the rulings of the court

complained of in the bill of exceptions and the assignment of errors.

Exceptions were taken to the ruling of the court in sustaining the objections of the plaintiff to the introduction in evidence " of the affidavit of John Perry, estraying the animal in ques- " tion, also the notice of sale, and the treasurer's receipt for the " sum of money for which the animal was sold." We think the exceptions are too general and uncertain, in the absence of a statement of facts, to authorize this court to pass any judgment upon the rulings of the District Court.

It has been frequently held that where an exception is taken to the rejection of a written document as evidence, the exception must set out that document, so that this court may judge of its sufficiency and materiality. (Ponton v. Bellows, 13 Texas, 254; Morris v. Runnells, 22 Texas, 175; Styles v. Gray, 21 Texas, 503; and Frizzell v. Johnson, 30 Texas, 34.) The bill of exceptions sets out no affidavit, nor notice, or treasurer's receipt, and no reasons why the court refused to permit them to be used in evidence; and we are unable to say that there was no defect or other objection to either or all of said papers, so offered in evidence.

The statute of 1866 has specifically defined the requisite mode of estraying animals, as well as the necessary steps to be taken in order to perpetuate the evidence of the act of estraying and sale, and provides that the affidavit, appraisement, notice of sale, and return of sale, shall be filed in the county clerk's office; and it may well be doubted whether any other proof than the original, or copies of the original papers filed in the clerk's office, could be legitimately used to prove the fact that an animal had been estrayed or sold under the estray laws. No error of the District Court having been discovered, the judgment is affirmed.

Affirmed.