### JOHN R. NASWORTHY V. FRANK DRAPER.

#### No. 1042.

1. **Motion for Certiorari—Amending Record.**—A motion to amend the record so as to show service of citation upon a defendant comes too late when made after the final disposition of the case by reversal on ground of want of such service.

2. **Case in Judgment.**—Draper sued Nasworthy as maker and Lackey as payee and indorser of a promissory note. Judgment against both defendants—by default against Lackey. The case was taken by writ of error to Court of Civil Appeals. The defendant in error suggested delay. The record not showing service of citation upon Lackey, the judgment was reversed. On motion for rehearing, application was made for certiorari to show service on Lackey. *Held,* (1) the motion for certiorari came too late; and (2) the reversal as to Lackey required reversal as to both the defendants.

ERROR to County Court of Tom Green County.    Tried below before Hon. MILTON GREEN, County Judge.

*D. D. Wallace,* for plaintiff in error.

*Walton & Hill,* for defendant in error, on motion for rehearing.— As to whether there was sufficient evidence of service on William Lackey to support the judgment by default in this court.—1. The court below recites in its judgment, "William Lackey, though duly cited as the law requires." 2. In Nichols v. Swimmer, 19 Southwestern Reporter (case not in Texas Reports), Judge Stayton says: "In this case the record contains statements from which it might be inferred that an attempt was made to secure service on appellant by publication. But there is nothing in the record which affirmatively shows that other service was not had on him; hence the recitals in the judgment, to the effect that defendant was duly cited, must be considered as conclusive."

There is cited to support the text, Treadway v. Eastburn, 57 Texas, 213, wherein it is stated in substance, that the judgment being the final utterance of the court in a case before it, must be taken as official truth. Citation of numerous authorities support the text.

In support of Swimmer v. Nichols, there is further cited the case of Fitch v. Boyer, 51 Texas, 344, and Tennell v. Breedlove, 54 Texas, 543.

It would seem, that where the judgment of the court adjudicates "due service of citation in accordance with law," there ought not to be the right to question that adjudication, unless special and particular grounds exist conferring such right. But however that may be, we hereunto attach the certified citation that was served on William Lackey. This in aid of the adjudication that he had been duly cited.

FISHER, CHIEF JUSTICE.—Our attention has been called to a paper which we find on file, but which is not a part of the statement of facts, in which it is in substance agreed, that the defendant in error did question by special demurrer the sufficiency of the plaintiff in error Nasworthy's answer setting up failure of consideration, because not sworn to. And in view of this agreement, which we will now consider as a part of the record, the court below did not err in sustaining the demurrer.

The defendant in error also asks in his motion for rehearing for a certiorari to bring up to this court, as a part of the record in the case, the citation and sheriff's return thereon, by which it can be shown that plaintiff in error Lackey was duly and legally served with citation, and that we set aside our former judgment reversing the case, for the reason that the judgment by default as to Lackey was not supported by the record, showing that citation was issued and served on Lackey.

On this branch of the case, after we have finally disposed of it by the reversal, the motion to amend the record comes too late, and we follow the rule announced in Ross v. McGowen, 58 Texas, 603, and Railway v. Scott, 78 Texas, 360, and the facts as presented in this motion distinguish this case from that of Telegraph Company v. O'Keefe, 28 Southwestern Reporter, 945. The principles stated by the Supreme Court in Freeman v. McAninch, 87 Texas, 132, although they were announced in a case that involved a different question than the one we are considering, are applicable, and bear with striking analogy to this question. The court in the case cited says:

"And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. Hackworth v. Zollars, 30 Iowa, 433; Hites v. Irvine, 13 Ohio St., 283; Le Guen v. Gouverneur, 1 Johns. Cas., 436; Gray v. Dougherty, 25 Cal., 266. If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of an action, or fails to prove a fact he might have proved, the law can afford him no relief. When a party passes by his opportunity, the law will not aid him. In Ewing v. McNairy, 20 Ohio State, 322, the judge says: 'By refusing to relieve parties against the consequence of their own neglect, it seeks to make them vigilant and careful. On any other principle, there would be no end to an action, and there would be an end to all vigilance and care in its preparation and trial.' The same principle is well settled in numerous authorities. See Embury v. Conner, 3 N. Y., 511; Pierce v. Kneeland, 9 Wis., 23;

Birckhead v. Brown, 5 Sanf., 135; Bridge Co. v. Sargent, 27 Ohio St., 237. This is necessarily the law in all cases in which failure to use proper diligence is not caused by accident, excusable mistake, or fraud of the adverse party. Bassett v. Railway, 150 Mass., 180; 22 N. E. Rep., 890.''

The reasons that underlie the principles announced should apply to cases disposed of by this court, and the judgments rendered in such cases ought not to be lightly disturbed when it does not appear that the facts omitted from the record and sought to be supplied were left out by reason of some fraud of the opposite party, or when the applicant does not acquit himself of negligence in the matter. Therefore, we adhere to the former ruling made as to that branch of the case that affects Lackey.

A reversal as to Lackey will, under the rule announced in Wootters v. Kauffman, 67 Texas, 496, 497, require a reversal as to Nasworthy, and this seems clearly to be contemplated by article 1337, Sayles' Civil Statutes. There are some decisions that may look the other way, but we prefer to follow the statute and the case cited.

*Motion overruled.*

Delivered February 13, 1895.