DANNER et al. v. WALKER–SMITH CO. et al.

(Court of Civil Appeals of Texas. Austin. April 24, 1912. Appellees' Motion for Rehearing, June 26, 1912. Appellants' Motion for Rehearing, Nov. 6, 1912. Further Rehearing Denied Feb. 26, 1913.)

1. APPEAL AND ERROR (§ 773*) — FILING BRIEF—TIME—DISMISSAL.

An appeal will not be dismissed for a mere failure to file a brief in time where the other party is not injured thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

2. JUDGMENT (§ 129*)—DEFINITION—DEFAULT.

In an action against several defendants, where one did not appear, and the court charged that, as to him, the jury should find for plaintiff because he had defaulted, and judgment was rendered against him and the others, predicated only upon the verdict, there was no judgment adjudicating anything as against the defendant who had defaulted; a judgment being the affirmation by law of the legal consequences attending a proved or admitted state of facts.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 240; Dec. Dig. § 129.*

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

3. JUDGMENT (§ 399*)—JOINT FINAL JUDGMENT—SETTING ASIDE.

Under Rev. Civ. St. 1911, art. 1997, providing that only one final judgment shall be rendered in any cause, a setting aside of a final judgment as against one of several defendants sets it aside as to all.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 733, 759, 760; Dec. Dig. § 399.*]

4. GUARANTY (§ 92*)—INSTRUCTIONS—ASSUMPTION OF FACT.

In an action against guarantors, where one of them defaulted, and also testified on the trial that he signed the guaranty, the court did not err in directing the jury to find that he signed the contract.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 105, 106; Dec. Dig. § 92.*]

5. EVIDENCE (§ 471*)—OPINION EVIDENCE—QUESTIONS OF INDEBTEDNESS.

The testimony of the manager of a mercantile company that such company was indebted to the plaintiff in a certain sum was not a statement of an opinion but of fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

6. GUARANTY (§ 92*)—INSTRUCTIONS—PLEADING AND PROOF.

In an action against a guarantor, an instruction that, if the jury believed that the defendant signed the contract of guaranty, they should so find, even if he thought it was only a recommendation, was not error, where the

signing the guaranty was denied, but where it appeared that the defendants did sign some paper, even though they did not plead or attempt to prove that they signed the alleged contract under such impression.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 105, 106; Dec. Dig. § 92.*]

7. GUARANTY (§ 78*) — FORGERY — OTHER SIGNERS.

The fact that the name of one of several signers of a contract of guaranty was forged, where none of the other signers claimed that he signed on the faith of such signature and the party guaranteed was not connected therewith, does not render the contract void as to those who signed.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 91, 92; Dec. Dig. § 78.*]

8. GUARANTY (§ 6*)—ACCEPTANCE.

It is no defense for a guarantor that the party guaranteed did not accept the contract of guaranty, where it was delivered to him and he acted thereon.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 8; Dec. Dig. § 6.*]

9. WITNESSES (§ 201*)—PRIVILEGED COMMUNICATIONS—ATTORNEY—DEPOSITION.

It was not error to permit a party to prove by the other party on cross-examination that his attorney had read to him a deposition made in prior proceedings in the case; such matter not being a privileged communication between attorney and client.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 754, 755; Dec. Dig. § 201.*]

On Appellee's Motion for Rehearing.

10. APPEAL AND ERROR (§ 659*)—PERFECTING RECORD—NOTICE TO COUNSEL.

On rehearing where an issue in both courts as to whether a final judgment included a default judgment as to one of several defendants had been argued in both courts, a writ of certiorari will not be awarded to perfect the record to show that a default judgment had been entered nunc pro tunc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2834–2843; Dec. Dig. § 659.*]

11. APPEAL AND ERROR (§ 1062*)—HARMLESS ERROR—SUBMISSION OF SPECIAL ISSUES.

It was not reversible error not to submit a special issue, "How much goods were sold and delivered and the value of the same?" where a special issue "Were the notes sued upon given for goods delivered?" was submitted and answered in an action against persons who guaranteed the credit of the purchaser, and the uncontradicted evidence was that the notes were all given for the price of goods.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

12. APPEAL AND ERROR (§ 882*)—ESTOPPEL TO ALLEGE ERROR — ADMISSION OF EVIDENCE.

The admission of evidence brought out on cross-examination by appellant will not be ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

13. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Erroneous reception of evidence will not be reversible error, where other evidence of the same fact was admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

On Appellant's Motion for Rehearing.

14. APPEAL AND ERROR (§ 1173*)—REVERSAL—SEVERAL COPARTIES.

A reversal and remand for new trial as to one of several appellants requires a reversal as to all of them, under Rev. Civ. St. 1911, art. 1997, providing that there shall be but one final judgment in any cause, but, where some of the parties below have not appealed and the cause of action is severable, their acquiescence in the judgment will be considered as a voluntary severance, and the judgment will be affirmed as to them, though reversed as to those who appealed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572; Dec. Dig. § 1173.*]

15. CONSTITUTIONAL LAW (§ 70*)—JUDICIAL FUNCTIONS—WISDOM OF STATUTE.

The wisdom or folly of a statute is no concern of the courts, but is for the Legislature only.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137; Dec. Dig. § 70.*]

16. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

Where there was evidence on one side that the name of M. signed to a contract appeared to be his signature, and by another witness that M. had admitted he had signed it, while M. himself testified that he had not signed it, an instruction to find that M. signed his name to the contract was erroneous as on the weight of evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

17. TRIAL (§ 250*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND EVIDENCE.

The court should not charge on an issue not raised by either the pleadings or evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Action by the Walker-Smith Company and others against A. J. Danner and others. Judgment for plaintiffs, and defendants appeal. Affirmed in part, and in part reversed and remanded.

Walker-Smith Company brought this suit to the May term, 1909, of the district court of Brown county against the Robert Lee Mercantile Company to recover on three promissory notes for the sum of $2,500 each; and against A. J. Danner and others, including E. E. Millican, on an alleged contract of guaranty, and by amendment against Bat Austin, D. C. Landers, and C. H. Millican to foreclose lien on lands attached as the property of Eli Austin, A. K. Landers, and E. E. Millican, and also to foreclose attachment lien as to E. E. Millican. The defendants Robert Lee Mercantile Company and M. E. Trimble filed no answers. The other defendants, except E. E. Millican, answered to the May term, 1909, of said court. Those who were sued on said alleged contract of guaranty pleaded non est factum. On June 23 to 26, 1909, the case was tried before a jury. The court, among other things, instructed the jury as follows: "You will find for the plaintiff and against said defendants, or such of them, if any, as you may find exe-cuted said guaranty. In this connection you are instructed that defendants E. E. Millican and M. E. Trimble do not deny the execution of the guaranty, and it will be your duty to render a verdict in favor of plaintiffs and against said defendants." The jury returned a verdict against the Mercantile Company for the debt sued on, and also as follows: "We find in favor of defendants E. H. Winans, M. B. Patterson, Eli Austin, A. K. Landers, H. W. Walton, A. J. Danner, W. B. Harrison, John J. Fry, and J. A. Jenkins. We also find in favor of plaintiff and against defendants E. E. Millican and M. E. Trimble for the sum of $7,288.71 on the contract of guaranty." Judgment was entered on this verdict against the Mercantile Company, E. E. Millican, and M. E. Trimble for the amount found by the jury and also against E. E. Millican and C. H. Millican for foreclosure of attachment lien on land described in said judgment. Walker-Smith Company filed a motion for a new trial, and asked that the judgment in favor of the defendants above named, in whose favor the jury had returned said verdict be set aside. On July 3d, a day of said May term, 1909, the court granted said motion and entered judgment that the "verdict of the jury on the 26th day of June, 1909, returned and filed in this case be and the same is hereby, by the court, as to defendants E. H. Winans, M. B. Patterson, Eli Austin, A. K. Landers, H. W. Walton, A. J. Danner, W. B. Harrison, John J. Fry, and J. A. Jenkins be and the same is hereby set aside, and shall hereafter be held for naught; and as to each and all of said defendants plaintiff Walker-Smith Company is granted a new trial, and this case stands for trial in its order at the next term of this court." At the next term of the court on January 17, 1910, the defendant E. E. Millican filed his answer, pleading, among other things, non est factum to said guaranty contract. June 18, 1910, said Millican filed a motion to set aside judgment by default against him. There is nothing in the record to show that any action was taken on this motion. On the same day that this motion was filed, all of the defendants who were alleged to have signed said guaranty, including E. E. Millican, filed a written motion for continuance on account of the absence of material witnesses, and said motion was granted and the case was continued. At the succeeding term of the court (May term, 1910) this case was again tried before a jury. The court, among other things, instructed the jury as follows: "There is no issue in this case between plaintiff and the Robert Lee Mercantile Company, or between plaintiff and M. E. Trimble. The contract or issue in this case is between plaintiff Walker-Smith Company and A. K. Landers, H. W. Walton, A. J. Danner, W. B. Harrison, John J. Fry, J. A. Jenkins, E. E. Millican, E. H. Wi-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

nans, W. B. Patterson, and Eli Austin on the guaranty contract, and grows out of the pleas of the last-named defendants denying the execution of said guaranty." They were then instructed to find against such of said defendants, if any, who signed said contract; and also that, if they found against E. E. Millican, to find for foreclosure of attachment lien as against both E. E. and C. H. Millican. The jury were instructed to return a verdict in favor of Bat Austin and C. C. Landers. The jury being unable to agree, there was a mistrial (May, 1910). The record does not show what was done with the case at the December term, 1910.

On June 5, 1911, a day of the May term, 1911, the plaintiff filed a motion to strike out the answer of E. E. Millican and his wife, C. H. Millican, "because it appears from the record of this court both and each of said parties were found and adjudged to have made default herein, and interlocutory judgment by default was entered by this court against both and each of them, which is still in full force and effect." Upon this motion, on a day of the May term, 1911, the court entered the following judgment, omitting formal part: "On the 5th day of June, A. D. 1911, was heard and considered the motion of defendant E. E. Millican to set aside the judgment by default heretofore at the May term, A. D. 1909, of this court, on to wit, the 23d day of June, A. D. 1909, rendered and entered in this cause against him the said E. E. Millican, as well as the motion of Walker-Smith Company to strike out the answer of defendant E. E. Millican filed in this case since judgment by default herein was rendered against him, as aforesaid. And, the court having heard both said motions and the argument of counsel therein, it is by the court considered, ordered, and adjudged that the exceptions of plaintiff to the motion of defendant E. E. Millican should be and the same are hereby by the court sustained; and defendant, said E. E. Millican having declined to amend, and elected to stand on his said motion, it is further by the court considered, ordered, and adjudged that said motion should be, and the same is hereby, by the court dismissed, to which action and ruling of the court defendant E. E. Millican then and there in open court excepted. And it is further by the court considered, ordered, and adjudged that the motion of plaintiff Walker-Smith Company to strike out the said answer of defendant said E. E. Millican be, and the same is hereby by the court, granted to the extent only of striking out the plea of non est factum in said answer contained. And it is therefore by the court considered, ordered, and adjudged that the said plea of non est factum in said answer be and the same is hereby by the court stricken out and from the files of this court, to which last ruling of the court defendant

E. E. Millican then and there in open court excepted."

On June 10, 1911, the case was submitted to the jury on peremptory instructions and on special issues.

(1) Peremptory instructions against the Mercantile Company on the notes. Special issues Nos. 3, 4, 5, 6, 7, 8, 9, 10, and 11 submitted the issues separately as to whether the defendants Walton, Danner, Harrison, Fry, Jenkins, Winans, Patterson, and Eli Austin signed the guaranty contract.

No. 13: "You will find that M. E. Trimble signed the guaranty contract sued upon."

No. 14: "You will find that E. E. Millican signed his name to the contract of guaranty sued upon."

No. 15: "You will return a verdict in favor of Bat Austin and D. C. Landers."

No. 16: "You will return a verdict in favor of plaintiff and against C. H. Millican, and foreclose against E. E. Millican and C. H. Millican, plaintiff's attachment lien," describing the land levied upon as the property of E. E. Millican.

The jury found that the parties mentioned in special issues Nos. 3, 4, 5, 6, 7, 8, 10, and 11 each signed his name to the guaranty contract sued on. In answer to special issue No. 9 they found that E. H. Winans did not sign his name to said contract. As to the defendants E. E. Millican, C. H. Millican, Bat Austin, and D. C. Landers, the jury found as instructed by the court. Judgment was rendered in accordance with this verdict. On June 15, 1911, E. E. Millican filed an amended motion in lieu of his original motion filed on June 18, 1910, to set aside and vacate the judgment rendered herein against him on June 23, 1909. Plaintiff resisted this motion upon exceptions and upon allegations of fact. E. E. Millican filed an answer to plaintiff's contest of said motion, wherein he alleged, among other things, that no judgment was ever entered against him, except the one upon the verdict of the jury on the 26th day of June, 1909, which was set aside by the court. Plaintiff's exceptions to E. E. Millican's motion to set aside the judgment by default against him were sustained and said motion was stricken out, to which action of the court the said Millican excepted, and preserved a record as to same by bill of exceptions. The defendants Landers, Harrison, E. E. Millican, Walton, Danner, Eli Austin, Fry, Jenkins, and Patterson filed their motion for a new trial, which was overruled, and they have perfected their appeal to this court.

W. A. Anderson, of San Angelo, S. B. Kemp, and Snodgrass & Dibrell, of Coleman, for appellants. Harrison & Wayman, of Brownwood, for appellees.

JENKINS, J. (after stating the facts as above). [1] 1. Appellees have filed a mo-

tion to strike out appellants' brief, alleging as grounds for said motion that the same was not filed in time for them to reply to the same. Without going into all of the details in reference to this matter, we think it sufficient to say that we do not think said motion should be sustained. Appellees' attorneys were furnished with a typewritten copy of appellants' brief on February 13, 1912, and at the same time appellants' attorneys sent them the record in this case. On February 26th appellants filed their printed brief with the clerk of the district court of Brown county, and caused appellees' attorneys to be served with a copy of same. Appellees' attorneys returned said record to attorneys of appellants, alleging as their·reason that there was then pending a motion by appellants to perfect the record. The record was then sent to the clerk of this court by appellants, and the motion to perfect the record was granted. Appellees were delayed in getting the record from this court by reason of the fact that, when they applied for same, this court was using it in passing on the motion to perfect the record. Appellees have not filed a formal brief, but they have filed a written argument, which is, in effect, a brief. They have also argued this case orally before this court, and were then asked if they desired the case postponed, in order that they might have further time in which to prepare and file a brief, and replied that they did not. This case was submitted in this court April 10, 1912. If the rule requiring the appellant to file his brief in the trial court before the record was taken from said court was complied with, it would in all instances insure the appellee full opportunity to prepare his brief before the case was submitted in the appellate court. But appellate courts in this state have, for a long time, been so crowded with business that cases could not be submitted for a considerable length of time after the record was filed in the appellate court, in consequence of· which no injury, as a general rule, results from a relaxation of this rule. To dismiss a case because a brief has not been filed in time means a dismissal of the appeal without reference to the merits of the case; and we think it more in consonance with the administration of justice to give the appellant his day in this court, even though he has been tardy in filing his brief, if such delay has probably worked no injury to the appellee. Railway Co. v. Holden, 93 Tex. 212, 54 S. W. 751; Crenshaw v. Hempel, 130 S. W. 731.

[2] 2. One of the contentions of appellant E. E. Millican in this case, which we think is well taken, is that no judgment by default was ever, in fact, rendered against him. We quote from the judgment rendered herein June 26, 1909, as follows: "This .case being regularly reached and called for trial, came the·plaintiff by attorney and the defendants E. H. Winans, M. B. Patterson, Eli Austin, A. K. Landers, H. W. Walton, A. J. Danner, W. B. Harrison, John J. Fry, J. A. Jenkins, Bat Austin, and D. C. Landers in person and by their attorneys of record, and announce ready for trial. The Robert Lee Mercantile Company, E. E. Millican, M. E. Trimble, and C. H. Millican came not, but wholly made default herein, and a jury having been· demanded," etc. The court informed the jury that there was no issue between the plaintiff and the defendants Millican and Trimble (they not having filed any answer herein), and peremptorily instructed them to find for plaintiff as against said defendants. The verdict of the jury was as follows: "We, the jury, find for plaintiff Walker-Smith & Co. and against defendant Robert Lee Mercantile Company for the sum of $7,288.71, with interest thereon from June 26, 1909, at the rate of 10 per cent. per annum; and we further find in favor of plaintiff and against Robert Lee Mercantile Company for the sum of $705 as attorney's fees. We find in favor of the defendants E. H. Winans, M. B. Patterson, Eli Austin, A. K. Landers, H. W. Walton, A. J. Danner, W. M. Harrison, John J. Fry, and J. A. Jenkins. We also find in favor of plaintiff and against defendants E. E. Millican and M. E. Trimble for the sum of $7,288.71." The judgment of the court is as follows: "It is therefore by the court upon said verdict considered, ordered, adjudged, and decreed that plaintiff Walker-Smith & Co. do have and recover of and from defendants the Robert Lee Mercantile Company, E. E. Millican, and M. E. Trimble, jointly and severally, the sum of $7,288.71, with interest thereon," etc. This judgment recites the fact that E. E. Millican came not, but wholly made default, which fact, together with the further fact that he had been duly cited, would have authorized an interlocutory judgment by default against him, but no such judgment was rendered. "A judgment is the affirmation by law of the legal consequences attending a proved or admitted state of facts. * * * We may therefore define a judgment as the determination or sentence of the law pronounced by a competent judge or· court as the result of an action or proceeding instituted in such court, affirming that upon the matters submitted for its decision a legal duty or liability does or does not exist." Black on Judgments, § 1. The record herein does not state any legal consequence to flow from the stated fact that Millican made default. It does not fix any legal liability, predicated upon said fact. There was a judgment rendered by the court against Millican, but, as above shown, it was predicated upon the verdict of the jury, and was not an interlocutory, but a final, judgment.

[3] 3. The appellee Walker-Smith Company filed a motion to set aside the verdict of the jury and the judgment thereon, referred to in the preceding paragraph of this

opinion, in so far as the same was in favor of the defendants Winans, Patterson, Austin, Landers, Walton, Danner, Harrison, Fry, and Jenkins. Said motion was by the court granted and said verdict and judgment as to said parties was set aside, as appears by the recitals in the judgment of the court on said motion. The effect of this order of the court setting aside the judgment as to the parties named was to set aside and vacate the entire judgment. There can be but one final judgment in a case. Long v. Garnett, 45 Tex. 401; Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465; Railway Co. v. James, 73 Tex. 19, 10 S. W. 744, 15 Am. St. Rep. 743; Parker v. Adams, 23 S. W. 902; Parker v. Stephens, 48 S. W. 878.

4. Our holding upon the issues above stated renders it unnecessary for us to pass upon the assignments based upon the refusal of the court to set aside the judgment by default. There was no judgment by default to be set aside. It follows from what we have stated above that the court erred in striking out the defendant Millican's plea of non est factum; and it also follows that the court will not, upon another trial of this cause, instruct the jury to find that Millican signed his name to the contract of guaranty sued upon. That will be an issue of fact, the same as to the other defendants, to be determined by the jury.

[4] 5. There was no error in the court's charging the jury to find that M. E. Trimble signed the contract of guaranty sued upon, inasmuch as Trimble not only did not file an answer, but testified in this case that he signed the contract of guaranty. There was no evidence to the contrary, and it was proper for the court to assume that fact. The evidence as to Trimble's statement about having signed said contract was admitted, not for the purpose of proving that he did so, but to impeach his testimony, which was material as to matters affecting the other defendants.

6. This case was submitted upon special issues. The appellants requested the court to submit the following special issue: "How much goods, wares, and merchandise were sold and delivered to the Robert Lee Mercantile Company by Walker-Smith Company, and the value of the same, after October 9, 1907?" The contract sued upon was in part as follows: "Brownwood, Texas, October 9th, 1907. For value received, I, we or either of us hereby guaranty the Walker-Smith Company, its successors or assigns, the payment of all sums that Robert Lee Mercantile Company are now indebted to it, and that they may hereafter become indebted to it for goods, wares and merchandise hereafter sold to them by said Walker-Smith Company, at any time before written notice is by us delivered to said Walker-Smith Company not to further sell on this guaranty; and we bind ourselves and promise to see all indebtedness

finally and fully paid when the same becomes due. * * * The principal of said indebtedness, however, for which we are to be bound shall not exceed $10,000.00 at any one time." The issue raised by the assignment upon the refusal of the court to give this special charge is involved in several other assignments of error. We hold that said special charge should have been given; and also that the notes sued on were not evidence against the appellants, but that it was incumbent upon Walker-Smith Company to show that the indebtedness for which appellants are sought to be held, accruing subsequent to October 9, 1907, arose from the sale of goods, wares, and merchandise to the Robert Lee Mercantile Company by said Walker-Smith Company, and also the value of such goods.

[5] 7. We do not think the court erred in permitting the witness W. J. McFarland, who was the manager of the Robert Lee Mercantile Company, to testify that said company was indebted to Walker-Smith Company at the time of the execution of the note sued on in the sum of $9,500. Such testimony was not the statement of an opinion, but of a fact within the knowledge of said witness. Of course, this testimony did not relieve Walker-Smith Company from the burden of proving that so much of said indebtedness as accrued subsequent to October 9, 1907, was for goods, wares, and merchandise sold to said Mercantile Company.

[6] 8. Appellants assign error upon the following portion of the court's charge: "If from the evidence in this case you believe that any defendant or defendants signed the contract of guaranty sued upon, then you should so find, even though you believe that said party or parties thought the instrument signed was merely a recommendation of the Robert Lee Mercantile Company or other paper." It is not contended by appellants that this is not a sound proposition of law, but their contention is that they did not plead nor attempt to prove that they signed the alleged contract of guaranty under the impression that they were signing some other instrument. They testified that they did sign another instrument, but that it was merely a recommendation as to the Mercantile Company, and not a contract of guaranty. If this fact appears from legitimate testimony, it was not error for the court to charge as above.

9. We think the court erred in permitting the witness W. H. Walton to testify over objection of defendants that he signed a letter of recommendation at the instance of W. J. McFarland for the Robert Lee Mercantile Company, as being composed of good honest men, and suitable to sell goods to; and also in permitting the witness Landers to testify that he signed a blank piece of paper on the statement of McFarland that he wanted to get up a list of names, some 10 or 12 of his

best customers, to sell goods to drought-stricken people in that country, said blank paper being in a memorandum book; and also in permitting the witness Walton to testify that he signed a note as surety for the Robert Lee Mercantile Company for $1,000 in the summer of 1907. These witnesses, who were also defendants in the case, might have been perfectly willing to sign recommendations for said Mercantile Company, or even (as in the case of Walton) to sign a $1,000 note, when they would not have been willing to sign a guaranty contract in the succeeding fall for the sum of $10,000, and we do not think that these facts proven by them were legitimate circumstances from which to infer that they did sign said guaranty contract.

[7] 10. The jury found that the alleged guaranty contract was not signed by E. H. Winans, and that as to him the same was a forgery. It is the contention of the appellants that this renders the contract void as to all of the other parties. Had Walker-Smith & Co. been in any wise connected with such forgery, said instrument would have been void as to all parties; but as they were not so connected, and as the instrument was a joint and several obligation, and it is not claimed by either of the appellants that he signed it upon the faith of the same having been signed or that it would be signed by any of the other appellants, we hold that such of the parties, if any, who signed said instrument, are liable thereon, notwithstanding the fact that the same was forged as to one or more of the other parties.

[8] 11. We do not think that the contention that the appellants are not bound upon said contract for the reason that the same was not accepted by Walker-Smith Company is sound. Said contract was delivered to Walker-Smith Company by the Robert Lee Mercantile Company, and, if they acted upon the same and sold goods upon the strength of the same, this amounts to an acceptance of said guaranty contract by them.

[9] 12. There was no error in permitting appellees to prove by A. J. Danner, one of the defendants in said cause, that one of his attorneys had read over to him his deposition given in this case. The ground of said objection is that it was disclosing a communication between attorney and client. While an attorney is forbidden to disclose the affairs of his client, we know of no rule of law which forbids a party to prove upon the cross-examination of his opponent any statement which he may have made about the case, if otherwise admissible, regardless of whether he made it to his attorney or some one else. This evidence does not involve the statement of any fact communicated by Danner to his attorney, nor of any fact communicated by the attorney to Danner; but simply shows that Danner's memory had been refreshed as to his former

statement by hearing his deposition read over just before he testified in this case. It was wholly immaterial whether said deposition was read to him by his attorney, or by some other person, or that he read it himself. There is no complaint as to the judgment against Robert Lee Mercantile Company and M. E. Trimble, nor as to the judgment in favor of E. H. Winans, Bat Austin, and D. C. Landers, and, as to them, the judgment of the trial court is affirmed.

For the errors above indicated, the judgment of the trial court herein as to A. K. Landers, Harrison, the Millicans, Walton, Danner, Eli Austin, Fry, Jenkins, and Patterson is reversed, and this case remanded for a new trial.

Affirmed in part and in part reversed and remanded.

### Appellees' Motion for Rehearing.

Upon a former day of the present term of this court we reversed this case as to appellee E. E. Millican, for the reason that the record did not show a judgment by default against him. Appellee has filed a motion for certiorari to bring up a record showing that since our decision herein a judgment by default has been entered by the trial court nunc pro tunc against said Millican.

[10] The issue as to whether the judgment shown by the record was a judgment by default was presented in the trial court, and was again presented in this court. Our opinion on this issue having been adverse to appellee, it, in effect, now comes, and says that the judgment which it sought to have us uphold was not in fact the judgment rendered by the trial court. The courts of this state have been very liberal in awarding writs of certiorari to perfect the record, but we think that a proper limit to such practice was indicated in Railway Co. v. Cannon, 88 Tex. 314, 31 S. W. 499, wherein it was said that such writ should be awarded "provided the attention of counsel has not previously been called to the omission." Under the circumstances of this case we decline to order the writ prayed for.

[11] We reversed this case as to the appellants, other than E. E. and C. H. Millican, for supposed errors (a) in not submitting the special issue set out in subdivision six of the opinion heretofore rendered herein, and (b) in permitting the witnesses Walton and Landers to testify as shown in subdivision nine of said opinion. The record in this case is voluminous, embracing 369 pages. Appellee in its motion for rehearing has called our attention to matters which escaped our notice when this case was under investigation, excusing itself for its failure to do so prior to the submission herein, upon the ground that the failure of appellants to sooner file their briefs deprived them of the opportunity to examine the record prior to such submission. The written and oral arguments of ap-

pellee on submission hereof dealt principally with its motion to strike out appellants' brief. What we meant to hold in subdivision 6 of said opinion was that inasmuch as the guaranty contract sued on was for the debt then owing appellee by the Robert Lee Mercantile Company, and such as might thereafter be incurred for merchandise sold to said Mercantile Company by appellee, it was incumbent on appellee to show that the debt sued on was of this character, and therefore this issue should, upon request of appellants, have been submitted to the jury. But it appears from the record that this issue was submitted to and passed upon by the jury as follows: Special issue submitted: "Q. Were the notes sued upon and described in plaintiff's petition given for goods, wares, and merchandise sold and delivered by Walker-Smith Company to Robert Lee Mercantile Company? A. We, the jury, find that the notes sued on were for the purchase price of goods, wares, and merchandise sold and delivered by Walker-Smith Company to the Robert Lee Mercantile Company."

Appellee contends, and we think correctly so, that there was really no issue of fact as to this. Blackwell, the manager of the Walker-Smith Company, testified as follows: "The indebtedness of the Robert Lee Mercantile Company was created by the purchase of merchandise by the former from the latter. Walker-Smith Company never loaned the Robert Lee Mercantile Company any money. The only business transactions between the two companies were purchases and sales of goods, wares, and merchandise by us to them." He further testified that the notes sued on were given for such indebtedness, and that the sales made after the execution of the guaranty contract were made on the faith of the same. McFarland, the president of the Robert Lee Mercantile Company, testified that the notes sued on were given for merchandise purchased by the said Mercantile Company from the Walker-Smith Company. There is no evidence in the record to the contrary, and nothing to indicate any fraud or collusion as to this matter between Walker-Smith Company and the Robert Lee Mercantile Company. In this state of the record we do not think that there was reversible error in refusing to submit the special issue requested by appellants.

[12, 13] As to the testimony of Walton and Landers referred to in the ninth subdivision of the opinion herein, it appears that the fact that Walton had previously signed a $1,000 note for the Robert Lee Mercantile Company was first brought out by appellants in the cross-examination of the witness Green, and the fact that Walton and Landers claimed to have signed a recommendation of the Robert Lee Mercantile Company was testified to by several other witnesses without objection. Such being the fact, the admission of said testimony as complained of by appellants was not reversible error.

For the reasons herein set out, the motion of appellee for a rehearing is granted, and the judgment of the trial court is affirmed, except as to the Millicans, as to whom the said judgment is reversed, and the cause is remanded for a new trial.

### Appellants' Motion for Rehearing.

In the original opinion herein we reversed and remanded the judgment of the trial court as to the alleged parties to the guaranty contract sued on, and as to C. H. Millican, wife of E. E. Millican, against whom judgment foreclosing attachment lien was rendered, and affirmed said judgment as to the other defendants in the suit, they not having appealed. The grounds of reversal as to said parties, other than the Millicans, was supposed error in refusing to submit a special issue, and in permitting certain testimony to be given to the jury, as set forth in the sixth and ninth subdivisions of said opinion. For reasons set out in the opinion herein on appellees' motion for a rehearing, we granted said motion, and affirmed the judgment of the lower court except as to the Millicans.

[14] Now come appellants in their motion for a rehearing, and insist that a reversal of this case as to E. H. Millican necessitates a reversal as to all of the appellants. The decisions upon this issue are in confusion, if not in actual conflict. As tending to support the affirmative, see Willie v. Thomas, 22 Tex. 175; McRea v. McWilliams, 58 Tex. 328; Washington v. Johnson, 34 S. W. 1041; Nasworthy v. Draper, 29 S. W. 557; Hamilton v. Prescott, 73 Tex. 565–567, 11 S. W. 549; McIlhenny v. Lee, 43 Tex. 216; and Acklin v. Paschal, 48 Tex. 147. As tending to support the opposite view, see Boone v. Hulsey, 71 Tex. 183–185, 9 S. W. 531; Mills v. Paul, 30 S. W. 245; Railway Co. v. Enos, 92 Tex. 577, 50 S. W. 928; Giddings v. Baker, 80 Tex. 312, 16 S. W. 33; Houston v. Ward, 8 Tex. 124; and Wimple v. Patterson, 117 S. W. 1037. We have examined many other cases pro and con as to this issue, but these will suffice to show the unsettled condition of the decisions of this state in reference to a reversal of a joint judgment as to one party, when no reversible error is shown as to others. We shall not attempt to differentiate these decisions, nor to reconcile them, but shall rest our decision herein on the language of the statutes as we understand them.

Article 1997, R. S. 1911 (1337, 1895), reads as follows: "Only one final judgment shall be rendered in any cause, except where it is otherwise provided by law." This provision of our statute seems to have been adopted for the first time in the enactment of the Revised Statutes of 1879. Prior to that time it had been held in this state that more than one judgment could be rendered in a cause. Burleson v. Henderson, 4 Tex. 49; Hopson v. Murphy, 4 Tex. 248; Burke v. Cruger, 8 Tex.

74, 58 Am. Dec. 102; Cartwright v. Cartwright, 18 Tex. 644. It would seem that the purpose of this statute was to change this rule in this state.

[15] This statute entails unnecessary delays and expense, but it is not for us to consider the wisdom or folly of a statute. That is for the Legislature. Our only province is to declare the law as it is written. Here the language is plain and unambiguous. "Our statute provides that there shall be but one final judgment in any case. It follows from this that, if there be several defendants to a suit, no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be." Wootters v. Kauffman, 67 Tex. 496, 3 S. W. 465. A final judgment is one that determines the rights of all the parties to a suit, and disposes of all of the issues involved. Linn v. Arambould, 55 Tex. 624. There has been one judgment of the district court in this case. If we make that judgment final as to some of the parties who have appealed and send it back for a new trial as to another of such parties, there will be another final judgment of the district court as to that party; but neither of such judgments will be final within the proper meaning of that term. "To be final, it is well settled that the judgment must dispose of all parties to the suit." Railway Co. v. Smith, 99 S. W. 172. It is well settled that, where the district court grants a new trial as to one party or one issue, this will operate as a new trial as to all parties and all issues. Hume v. Schintz, 16 Tex. Civ. App. 512, 40 S. W. 1070, and authorities there cited. Railway Co. v. Smith, 99 S. W. 172. If such is the effect of the voluntary action of the district court, why is it not the same when that court is required to take such action by the mandate of a superior court? To reverse and remand a case as to a party to a suit is but to instruct the trial court to grant such party a new trial.

The apparent exception as to the effect of a new trial granted to one party by the district court is where the causes of action are severable, and there has in effect been a severance. Boone v. Hulsey, supra; Parker v. Stevens, 48 S. W. 880. Article 1626, R. S. 1911 (art. 1027, R. S. 1895), reads as follows: "When the judgment or decree of the court below has been reversed, the court shall proceed to render such judgment or decree as the court below should have rendered," etc. This was the law as to the Supreme Court prior to the creation of the Courts of Civil Appeals. See section 3, act 1846, p. 374. What judgment should the court below have rendered? "The judgment of the court shall conform to the * * * verdict" (article 1994, R. S. 1911; article 1335, R. S. 1895), "whether it be correct or not, and whether the verdict, if there be any, arose from the erroneous instructions or rulings of the court, or from a misinterpretation of the evidence by the jury." Railway Co. v. Strycharski, 92 Tex. 1, 37 S. W. 417. The judgment in this case followed the verdict, which was against all of the alleged signors of the contract sued on. We hold that the judgment of the trial court on the motion for a new trial should have been to grant a new trial to Millican, the effect of which would have been to grant a new trial to all of said parties, and the statute above quoted requires us to enter such judgment here. It seems to be the general practice in the courts of civil appeals in this state, where the cause of action is severable and some of the parties have not appealed, to affirm the judgment as against the parties not appealing. In this case the Robert Lee Mercantile Company and M. E. Trimble have not appealed from the judgment against them, and the Walker-Smith Company has not appealed from the judgment in favor of E. H. Winans, Bat Austin, and D. C. Landers, for which reason they will be treated as having acquiesced in said judgment, and the judgment as to them will be treated as a voluntary severance and affirmed, the parties appealing not complaining of the judgment as against said parties.

[16] We also sustain appellants' assignment of error that the charge of the court hereinafter set- out was upon the weight of the evidence. Appellant read the contract sued upon to the jury, and proved by one witness that the name E. E. Millican appearing thereon appeared to be the genuine signature of said Millican, and by another witness that Millican had admitted to him that he signed said instrument. The appellants in rebuttal of this evidence, and as tending to sustain their contention that said alleged contract was a forgery proved by said Millican that he did not sign said contract. The court charged the jury as follows: "You will find that E. E. Millican signed his name to the contract of guaranty sued on."

[17] We do not think that the charge of the court as to the effect of signing the instrument sued on under the belief that they were signing some other instrument would have required a reversal of this case, but, as the case is to be reversed upon other points, we take occasion to say that this charge should not have been given, for the reason that no such issue was raised by either the pleadings or the evidence.

For the reasons above stated, appellant's motion for a rehearing is granted, and the judgment of the trial court is reversed, and this cause is remanded as to A. J. Danner, A. K. Landers, H. W. Walton, W. B. Harrison, John J. Fry, J. A. Jenkins, M. B. Patterson, Eli Austin, E. E. Millican, and his wife, C. H. Millican, and affirmed as to all other defendants.

Affirmed in part, and in part reversed and remanded.